GIMÉNEZ, RECURRENTE, *v.* EL REGISTRADOR, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección 1ª., denegando la inscripción de una escritura de compra.

No. 194.—Resuelto en julio 31, 1914.

SOCIEDAD DE GANANCIALES—ADQUISICIÓN POR LA ESPOSA SIN EL CONSENTIMIENTO DEL MARIDO—IGUALDAD ENTRE MARIDO Y MUJER.—La tendencia y espíritu general de la ley al tratar del marido y de la mujer y de bienes gananciales, es opuesta a la idea de establecer distinción entre ellos, y la mujer tiene capacidad para adquirir bienes para la sociedad de gananciales sin necesidad del consentimiento de su marido.

MANDATARIO—GESTORES DE UNA SOCIEDAD—PROHIBICIÓN DE ADQUIRIR BIENES DEL
MANDANTE POR EL MANDATARIO.—En el concepto de mandatario está com-
prendido el gestor de una sociedad y de acuerdo con la prohibición estable-
cida en el párrafo 2 del artículo 1362 del Código Civil revisado, el gestor
de una sociedad no puede vender bienes de la misma a su esposa actuando
ésta como representante de la sociedad de gananciales.

Los hechos están expresados en la opinión.

Abogados del recurrente: *Sres. Bosch & Soto.*

El Registrador Sr. José S. Belaval no compareció.

EL JUEZ ASOCIADO SR. HUTCHISON, emitió la opinión del
tribunal.

El día 13 de mayo de 1914, Doña Ramona Santana y la mer-
cantil M. Camblor y Compañía, S. en C., como dueños respec-
tivamente de dos fincas convinieron en vender las mismas a
Doña María Secundina Giménez de Camblor, estando repre-
sentada la mercantil por su gestor Don Manuel Camblor,
siendo la compradora y ahora recurrente esposa de este
último.

El día 20 de dicho mes fué presentada para su inscrip-
ción esta escritura en el Registro de San Juan al pie de la
cual puso el registrador la siguiente nota:

"Inscrito el precedente documento, con vista de otro, en cuanto
a la segunda finca de las que se agrupan, vendida por Doña Ramona
Santana, al folio 209 del Tomo 31º. de Santurce Norte, finca 1299,
inscripción primera; y denegada la inscripción en cuanto a la finca
que enajena la Sociedad M. Camblor y Compañía S. en C. por veri-
ficarse esa enajenación por ·dicha sociedad por medio de su gestor
Don Manuel Camblor González, que es el esposo de la compradora;
porque Doña María Secundina Giménez adquiere la finca a título
oneroso, debiendo por consiguiente presumirse la adquisición para
la sociedad de gananciales, como lo establece el artículo 1322 del
Código Civil vigente; porque en dicho contrato de compraventa se
refunden en un sola persona las entidades del comprador y el ven-
dedor, puesto que Don Manuel Camblor, de una parte, es interesado
en la sociedad vendedora y su representante administrador, y de
otra parte, es partícipe gerente de la sociedad conyugal para quien
se hace la adquisición, que carecería de eficacia legal sin el consen-
timiento de éste, y porque esta adquisición de la sociedad de ganan-
ciales de los esposos Camblor está comprendida en la prohibición del

número dos del artículo 1362 del propio Código; y se ha extendido
la anotación preventiva correspondiente por cuatro meses en la ins-
cripción primera al principio citada."

La recurrente trata de exponer de modo más claro y con-
ciso los fundamentos en los cuales basa el registrador la nota
recurrida, a saber:

"*Primero*. Que debiendo presumirse como hecha con dinero de
la sociedad de gananciales la compra a M Camblor y Ca. S. en C.,
por Doña María Secundina Giménez, dicha venta no es inscribible
porque aquella carece de capacidad para adquirir bienes con dinero
de la sociedad conyugal, sin el consentimiento de su marido Don
Manuel Camblor.

"*Segundo*. Que la expresada adquisición por la sociedad de ga-
nanciales existente entre Doña María Secundina Giménez y Don
Manuel Camblor, del inmueble de M. Camblor y Ca. S. en C., está
comprendida en la prohibición del artículo 1362, teniendo en cuenta
que Don Manuel Camblor es al propio tiempo que miembro de la
sociedad conyugal, gerente de la firma vendedora."

Nos sentimos fuertemente inclinados a convenir con la
recurrente en que la proposición que anteriormente se cita
en primer término es enteramente insostenible, y casi no
podemos explicarnos este fundamento de la nota recurrida,
si como alega la recurrente y según parece inferirse razo-
nablemente de la forma en que aparece redactada, el regis-
trador trató formalmente de fundar su negativa en parte
en la supuesta incapacidad de la esposa para adquirir bienes
a favor de la sociedad de gananciales sin el consentimiento
del marido.   No habiendo presentado el registrador ningún
alegato, resulta algo difícil harmonizar por este fundamento
su negativa a inscribir la escritura otorgada por el esposo
como gestor de Camblor y Ca., con su admisión a verificar
la inscripción del traspaso que asimismo se hizo a la esposa
en la misma escritura por Doña Ramona Santana.   Si ha de
suponerse del mero hecho de que el esposo estaba presente y
no formuló objeción alguna, que prestó su consentimiento

en la segunda transacción en la que no fué verdaderamente parte ni siquiera con carácter representativo, la misma regla será de aplicación a *fortiori* con respecto al traspaso hecho por él como administrador y socio de la mercantil al propio tiempo en el mismo documento y a su vez a la esposa.

Es cierto que el marido es el administrador de la sociedad conyugal, pero de esto no se deduce necesariamente que la esposa está incapacitada para recibir una escritura de venta sin su consentimiento. Dejando a un lado la mera cuestión de la administración, no se ha llamado la atención de este tribunal acerca de ningún artículo del Código que establezca alguna diferencia entre los esposos, y la tendencia y espíritu general de la ley al tratar del marido y de la mujer y de bienes gananciales se muestra firmemente en oposición a la idea de alguna distinción. La omisión significativa de nuestro código local del artículo 61 del Código Español que expresamente determina que no puede la mujer sin licencia o poder de su marido, adquirir por título oneroso ni lucrativo, enajenar sus bienes, ni obligarse sino en los casos y con las limitaciones establecidas por la ley, también indica claramente por lo menos que no debemos dejar de tener presente la máxima *ubi lex non distinguit, nec nos distinguere debemus.*

En cuanto a la segunda proposición, sin embargo, opinamos que el registrador está en lo correcto. El artículo 1362 del Código Civil en tanto en cuanto es de aplicación a la cuestión que se discute, dice lo siguiente:

"Artículo 1362.—No podrán adquirir por compra, aunque sea en subasta pública o judicial, por sí ni por persona alguna intermedia:
"* * *.
"2. Los mandatarios, los bienes de cuya administración o enajenación estuviesen encargados."

El lenguaje empleado, por lo menos en el texto español, no deja lugar a ser interpretado, a menos que sea en lo que

respecta al alcance de la palabra "mandatarios" según se emplea en la subdivisión citada. Naturalmente que el apelante ataca a esta palabra por ser el único punto que puede ser atacado y argumenta extensamente acerca de que un gestor no es un mandatario dentro del significado del estatuto. Manresa al tratar este artículo y párrafo, ha resuelto ya la cuestión últimamente mencionada.

"La incapacidad de los mandatarios a que venimos haciendo referencia, comprende, pues, a nuestro modo de ver, entre otros, a los gerentes, directores o administradores de las Sociedades. Si atentamente se examina la relación jurídica que existe entre esos gerentes, directores o administradores y la persona jurídica social, veremos que la informa el principio de la representación, y que todos ellos no son, en rigor, más que verdaderos mandatarios.

"Une a los socios entre sí el contrato de sociedad pactado; pero establecida ésta y designados los administradores, surje otro nuevo vínculo entre éstos y la sociedad, y este vínculo no es otro que el del mandato. Si, pues, son mandatarios, compréndeles la incapacidad de la regla segunda del artículo 1459, y, por lo tanto, no podrán adquirir por compra los bienes de la sociedad, porque de su administración se encuentran encargados por razón de su cargo precisamente.

"No entendemos que esta opinión constituye una infracción del criterio que prescribe que las incapacidades no pueden ampliarse a otros casos que los dispuestos por la ley, porque reconocido, como no puede por menos de reconocerse, que se trata de mandatarios, no hay ampliación ninguna en considerarlos incapaces, sino estricta aplicación de la regla segunda del artículo 1459 del Código." 10 Manresa, 104; (2ª. edición).

Debe confirmarse la nota del registrador por el último de los fundamentos expresados.

*Confirmada la nota recurrida por el último de sus fundamentos.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Aldrey.