TURNER, RECURRENTE, *v.* EL REGISTRADOR DE SAN JUAN, SECCIÓN PRIMERA, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de San Juan, Sección Primera, sobre negativa de inscripción, de una escritura de venta de fincas rústicas.

No. 203.—Resuelto en junio 10, 1915.

MANDATARIOS—SOCIEDADES—GESTORES DE UNA SOCIEDAD—PROHIBICIÓN DE ADQUIRIR BIENES DEL MANDANTE POR EL MANDATARIO.—El socio gestor de una sociedad es el mandatario que tiene a su cargo la administración o venta de la propiedad perteneciente a la misma, y en tal concepto está comprendido directamente dentro de la prohibición establecida en el párrafo 2º. del artículo 1362 del Código Civil Revisado. En este caso se ratifica el principio establecido en el de *Jiménez* v. *El Registrador,* 21 D. P. R., 329.

ID.—CORPORACIONES—PRESIDENTE DE LA CORPORACIÓN—ADMINISTRACIÓN O VENTA DE PROPIEDAD PERTENECIENTE A LA CORPORACIÓN—JUNTA DIRECTIVA.—El presidente de una corporación no es *per se* un mandatario de la misma al extremo de que quede comprendido dentro de la prohibición del artículo 1362, párrafo 2º., del Código Civil, sino la junta directiva elegida del seno de la corporación por los accionistas.

CORPORACIONES—FUNCIONARIOS DE UNA CORPORACIÓN—VENTA ANULABLE.—Es un principio de derecho americano que la venta de propiedad de una corporación hecha a los directores (*corporate officers*) de la misma, es anulable a instancia de la corporación, aunque existen excepciones a la regla, especialmente cuando la corporación es insolvente o cuando la venta es pública.

INSCRIPCIÓN DE TÍTULO—NULIDAD DEL DOCUMENTO—DEBER DEL REGISTRADOR.—
  Cuando de la faz del documento presentado al registrador para su inscripción
  no aparece que sea nulo, dicho funcionario no está en el deber de anticipar
  cualquier acción que pudiera ejercitarse por razón del mismo.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. Gabriel Guerra.*

El registrador recurrido Sr. José S. Belaval no compareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

En una acción sobre ejecución de hipoteca seguida por el American Colonial Bank of Porto Rico contra la Standard Fruit Co., representada por su presidente John M. Turner, se ordenó al márshal que procediera a la venta en pública subasta de las fincas hipotecadas. En el acto de la subasta no compareció ningún postor a excepción de John M. Turner que compró dichas fincas hipotecadas por su propio derecho. Al ser presentada la escritura de venta en el registro de la propiedad el registrador se negó a inscribirla por el fundamento siguiente entre otros que no han sido discutidos.

"Denegada la inscripción del precedente documento por el defecto insubsanable de ser el comprador, Mr. John M. Turner, al tiempo en que se otorgó la venta, presidente de la corporación demandada, a la que representó en el procedimiento ejecutivo; y cuyo comprador, por razón de su cargo, está comprendido en la prohibición del artículo 1362 del Código Civil vigente, aplicable al caso según la sentencia del Tribunal Supremo de Puerto Rico de treinta y uno de julio último, en el recurso de *Maria Secundina Giménez* v. *Registrador de la Propiedad de San Juan, Sección Primera.*"

Contra la precedente nota interpuso el presente recurso gubernativo el Sr. John M. Turner.

Debe observarse que el registrador funda principalmente su calificación en la opinión emitida por este tribunal en el caso de *Giménez* v. *El Registrador,* 21 D. P. R., 329. La cuestión envuelta en ese caso era claramente la de la venta de una propiedad perteneciente a una sociedad por su socio

gestor a su esposa. Este tribunal resolvió tomando en consideración la opinión del Sr. Manresa que el socio gestor de una sociedad es un mandatario que tiene a su cargo la administración o venta de la propiedad de la sociedad y por tanto que dicha venta estaba comprendida directamente en la prohibición establecida en el párrafo 2 del artículo 1362 del Código Civil, el cual es como sigue:

"Artículo 1362.—No podrán adquirir por compra, aunque sea en subasta pública o judicial, por sí ni por persona alguna intermedia:

"1. * * *.

"2. Los mandatarios, los bienes de cuya administración o enajenación estuviesen encargados."

Ratificamos nuevamente el principio establecido en dicho caso pero la cuestión que aquí se presenta es la de si un presidente de una corporación es *per se* un mandatario de la corporación de tal modo que quede comprendido en la prohibición del artículo 1362.

La regla general referente a esta cuestión no es susceptible de ser interpretada erróneamente. Los negocios de una corporación son casi universalmente administrados por una junta de su seno elegida por los accionistas. 10 Cyc., 787, nota 72. Es la junta directiva el mandatario, correspondiente al socio gestor de una sociedad. Por regla general ningún funcionario tiene a su cargo la administración o venta de la propiedad de una corporación por el mero hecho de ser tal funcionario, como sucede con el socio gestor de una sociedad de acuerdo con la misma ley. Se alega que como la junta está compuesta de sus directores de la cual el presidente de la corporación en casi todas partes es uno de ellos, que la prohibición que comprende a toda la junta comprende también a cada uno de los miembros que la forman. En contestación a esto diremos que uno solo de los directores no puede ordenar la venta de la propiedad de la corporación sin el consentimiento de los demás directores. La agencia, la resolución que ha de prevalecer no adquiere forma cabal

sin la intervención de toda la junta la que generalmente se obtiene después de una reunión que ha sido convocada debidamente. También la venta de la propiedad de una corporación con frecuencia se lleva a cabo únicamente notificando a los accionistas. En el caso de una sociedad la voluntad del socio gestor prevalece en la sociedad como cuestión de derecho. Pero esto no ocurre en el caso del presidente de una corporación.

Es un principio de la ley americana sobre corporaciones que la venta hecha a funcionarios que forman parte de la junta de una corporación puede ser anulada a instancia de dicha corporación aunque existen excepciones a esta regla especialmente cuando la corporación es insolvente o la venta es pública. Cook sobre Corporaciones, sección 653. Dicha venta es sin embargo anulable pero no es necesariamente nula. *Fudickar* v. *East Riverside Irrigation District.,* 41 Pac., 1024. En vista de estas consideraciones y como de la faz del documento no aparece la nulidad como ocurrió en el caso *Giménez* v. *El Registrador, supra,* el registrador de San Juan no estaba en el deber de anticiparse a cualquier acción que hubiera podido adoptar la corporación. El contrato de acuerdo con su faz cumplía con los requisitos del artículo 1228 del Código Civil, y no infringía la letra o el espíritu del artículo 1362. Cuando el fraude se alega el demandado tiene derecho a ser oído ante la corte. Negamos expresamente que sea nuestra intención el considerar si esta venta podría o no ser anulada por la corporación o sus accionistas. Debe revocarse la nota recurrida.

*Revocada la nota recurrida*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.