ROSENSTADT & WALLER, INC., RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS, RECURRIDO.

Recurso gubernativo contra nota del Registrador Interino de la Propiedad de Caguas, denegando la inscripción de una escritura de compraventa de fincas urbanas.

No. 247.—Resuelto en diciembre 8, 1915.

COMPRAVENTA—SOCIEDAD DE GANANCIALES—CORPORACIONES—ESCRITURA OTORGADA ACTUANDO EL MARIDO COMO PRESIDENTE DE LA CORPORACIÓN—INSCRIPCIÓN EN EL REGISTRO—ENTIDADES DISTINTAS—LIBERTAD EN LAS TRANSACCIONES.—Un contrato de compraventa de bienes inmuebles otorgado, de una parte, por una sociedad de gananciales representada personalmente por ambos socios, y de la otra, por una corporación debidamente organizada representada por su presidente expresamente autorizado por la junta de directores encargada

del manejo de sus negocios, aun cuando el marido en aquella sociedad sea el presidente de la corporación y actúe en ambos caracteres en la escritura, es válido y por tanto inscribible en el registro de la propiedad. No obstante representarlos una sola persona, el comprador y el vendedor en tal caso son entidades distintas, y en ausencia de una prohibición legal, expresa o tácita, o de un resultado claramente inmoral debe prevalecer el principio de la libertad en las transacciones de las personas, bien sean éstas naturales, ya jurídicas.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Rafael Arce.*

El registrador recurrido, Sr. Fernando Vázquez, no compareció.

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

El día 2 de julio de 1915 comparecieron ante notario público Jacobo Rosenstadt y su esposa y otorgaron una escritura haciendo constar que habían vendido dos o tres meses antes dos casas situadas en Caguas a la corporación Rosenstadt & Waller, Inc., por precio de diez mil trescientos dos dollars que recibieron a su entera satisfacción, y que otorgaban la escritura a los efectos de que el contrato celebrado tuviese la eficacia legal necesaria y pudiera inscribirse en el registro de la propiedad. En el mismo acto el dicho Jacobo Rosenstadt, actuando como presidente de la indicada corporación Rosenstadt & Waller, Inc., aceptó la escritura "por estar en un todo conforme con las bases acordadas para el contrato * * * por las partes del mismo."

El documento se presentó para su inscripción en el Registro de la Propiedad de Caguas acompañado de otros de los cuales resulta que Rosenstadt & Waller, Inc., es una corporación organizada bajo las leyes del Estado de Nueva York, debidamente autorizada para hacer negocios en Puerto Rico; que entre esos negocios está el de la compra de propiedad real, y que en una reunión de la junta de directores encargada del manejo de los asuntos de la corporación, se acordó comprar las casas a que se refiere la escritura, por el precio de $10,302, autorizándose expresamente a Jacobo Rosenstadt,

presidente de la misma, para otorgar la documentación necesaria.

El registrador se negó a inscribir el contrato "porque verificándose la enajenación por los esposos Mr. Jacobo Rosenstadt y Mrs. Rosa L. Rosenstadt, se acepta la compraventa por la corporación Rosenstadt & Waller, Inc., representada ésta por su presidente el mismo Mr. Jacobo Rosenstadt; porque en dicho contrato se refunden en una persona las entidades del comprador y el vendedor, puesto que Mr. Jacobo Rosenstadt, de una parte, es partícipe gerente de la sociedad conyugal que otorga el contrato de venta, y de otra parte, es interesado en la corporación compradora y su representante administrador, y porque por la ambigüedad en la redacción del referido documento no puede determinarse, fuera de toda duda, si el contrato de venta que se reseña en el mismo, se efectuó verbalmente, por documento privado o por escritura pública, en cuyos dos últimos casos no se inserta ni se acompaña por separado dicho contrato de venta, para conocer los términos y condiciones en que se haya efectuado el referido contrato." Contra la negativa del registrador interpuso la corporación compradora el presente recurso gubernativo.

1. A nuestro juicio es erróneo el primero de los fundamentos de la nota recurrida. Jacobo Rosenstadt, ya como persona natural, bien como miembro de la sociedad de gananciales que tiene constituída con su mujer Rosa Rosenstadt, es una entidad distinta de la corporación Rosenstadt & Waller, Inc., de la cual es presidente. El registrador no ha citado ningún precepto de ley ni jurisprudencia alguna que sostenga la conclusión que consigna en su nota, y en ausencia de una prohibición legal expresa o tácita o de un resultado claramente inmoral, debe prevalecer el principio de la libertad en las transacciones de las personas bien sean éstas naturales, ya jurídicas.

2. También es erróneo a nuestro juicio el segundo motivo de la nota. La redacción del documento no es ambigua. La

certificación del acuerdo de la junta de directores de la corporación Rosenstadt & Waller, Inc., es clara y específica. La corporación acordó comprar determinadas fincas urbanas por una expresa suma de dinero y autorizó a su presidente para pagar el precio y otorgar la escritura y el presidente cumplió el acuerdo de la junta. En casos de .esta naturaleza no es obligatoria la presentación de los documentos previos que puedan haberse otorgado por las partes. Lo que la ley requiere y el sistema hipotecario exige es que conste la celebración del contrato en escritura pública y que el contrato en sí mismo tal como resulta de la escritura sea válido de acuerdo con la ley.

Por el contrato de compraventa, artículo 1348 del Código Civil, uno de los contratantes,—en este caso la sociedad conyugal constituída por los esposos Rosenstadt, representada en la escritura personalmente por ambos socios,—se obligó a entregar una cosa determinada,—en este caso las dos casas,—y el otro,—en este caso la corporación Rosenstadt & Waller, Inc., representada en la escritura por su presidente expresamente autorizado por la Junta de Directores encargada del manejo de sus negocios,—a pagar por ella un precio cierto, en dinero o signo que lo represente,—en este caso la suma de diez mil trescientos dos dollars.

Hubo consentimiento, objeto y causa, requisitos esenciales a todo contrato, existieron además las circunstancias especiales que integran el contrato de compraventa, y la capacidad de las partes quedó cumplidamente acreditada. Las casas que antes pertenecieron a la sociedad conyugal Rosenstadt, pertenecen hoy a Rosenstadt & Waller, Inc., y como la transferencia consta en documento público, procede inscribirla en el registro de la propiedad correspondiente, ya que así lo ha solicitado una de las partes interesadas.

Debe revocarse la nota recurrida.

*Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.