Sobrino, Fernández & Cía., Sucesores, Recurrente, v. El Registrador de San Juan, Sección Primera, Recurrido.

Recurso gubernativo interpuesto contra nota del Registrador de la Propiedad de San Juan, Sección Primera, denegando la inscripción de una escritura de compraventa.

No. 388.—Resuelto en mayo 31, 1919.

Apoderado—Sociedad Mercantil—Nombramiento de Liquidador—Facultades del Apoderado.—Cuando un apoderado está autorizado para nombrar liquidador de las sociedades a que pertenezca el poderdante, con facultad para realizar los bienes de dichas sociedades, actúa de acuerdo con los poderes que le fueron conferidos al autorizar al liquidador para que venda los bienes inmuebles y derechos reales de una de dichas sociedades.

Mandatario—Comprador a Nombre de Sociedad Mercantil.—El número 2°. del artículo 1362 del Código Civil se refiere a un mandatario que compra para sí, por lo cual no es aplicable al que compra para una sociedad mercantil de la cual forma parte.

Los hechos están expresados en la opinión.

Abogado de los recurrentes: *Sr. Damián Monserrat.*

El registrador recurrido, Sr. Rafael Tirado Verrier, compareció por escrito.

El Juez Asociado Sr. Aldrey, emitió la opinión del tribunal.

José Benito Sobrino y Rodríguez confirió poder a Benigno Fernández Pérez para que constituyese en su nombre socie-

dades mercantiles y para que nombrase liquidador de ellas
y de aquellas de que forma parte con los poderes necesarios
para cobrar el activo, pagar el pasivo, realizar los bienes de
la sociedad y ultimar su liquidación.

Usando Fernández de ese poder otorgó escritura pública
en 11 de junio de 1918 por la que en nombre de su poder-
dante y en el suyo propio nombró liquidador de la mercantil
"Sobrino y Fernández," constituída por ambos, a Félix Pé-
rez y Pérez facultándolo para vender los bienes inmuebles
y derechos reales de la sociedad, para representar a la liqui-
dación en juicio y fuera de él y para firmar los documentos
privados y públicos que creyere pertinentes.

Algunos días después dicho liquidador, como tal, vendió
una finca de la sociedad "Sobrino y Fernández" a la mer-
cantil "Sobrino, Fernández & Cía., Sucesores", de la que es
socio gestor Benigno Fernández, venta que el Registrador
de la Propiedad de San Juan, Sección Primera se negó a ins-
cribir por los motivos consignados en la siguiente nota puesta
al pie del documento:

"Denegada la inscripción del documento que precede por no te-
ner el apoderado don Benigno Fernández facultad más que para
"nombrar un liquidador con los poderes que creyera necesarios, para
cobrar el activo, pagar el pasivo, realizar los bienes de la sociedad
y ultimar su liquidación" sin estar autorizado expresamente para
vender los bienes de la sociedad en liquidación Sobrino y Fernández,
facultad esta última que por tanto no ha podido legalmente susti-
tuir en el liquidador nombrado Félix Pérez y Pérez; y porque for-
mando parte don Benigno Fernández tanto de la sociedad vende-
dora como de la sociedad compradora, surge la duda de que por ello
pueda ser infringido el párrafo 2º. del artículo 1362 del Código Civil
revisado; y tomada en su lugar anotación preventiva  *  *  *."

Contra esta negativa de inscripción interpuso la mercan-
til compradora el presente recurso gubernativo con súplica
de que la revoquemos y ordenemos la inscripción de la venta.

Habiendo autorizado José Benito Sobrino a su apoderado
Benigno Fernández para que nombrase liquidador de las so-

ciedades a que pertenezca con facultad para realizar los bienes de dichas sociedades, obró el apoderado Fernández de acuerdo con los poderes que le fueron conferidos al autorizar al liquidador que nombró Félix Pérez y Pérez para que vendiese los bienes inmuebles y derechos reales de la sociedad "Sobrino y Fernández" de que formaba parte José Benito Sobrino porque, como dijo este Tribunal Supremo en el recurso gubernativo de Banco Colonial Americano de Puerto Rico contra el Registrador, 4 P. R. R. 526, al ordenar la inscripción de la venta de bienes inmuebles hecha por un liquidador autorizado para realizar las existencias y demás bienes de todas clases de una sociedad mercantil, tal enajenación es uno de los medios, el más adecuado, para llevar a efecto la liquidación de la misma. En el recurso de *Quiñones* v. *El Registrador,* 18 D. P. R. 130, también ordenamos la inscripción de la cancelación de una hipoteca otorgada por una sociedad liquidadora, por entender que estaba comprendida entre las facultades concedidas a los liquidadores por el artículo 228 del Código de Comercio. El caso de Fantauzzi contra Vázquez, 22 D. P. R. 721, tiene alguna analogía con el presente en cuanto al significado de las palabras "bienes realizables".

En cuanto al segundo motivo que tuvo el registrador para negar la inscripción, creemos que el número 2°. del artículo 1362 del Código Civil en que él se funda no tiene aplicación a este caso porque si bien Benigno Fernández como gestor de Sobrino y Fernández es mandatario de la sociedad, la compra la hace una sociedad mercantil distinta de la persona natural de Benigno Fernández, aunque es uno de sus socios, y, por tanto, de acuerdo con la doctrina establecida en el caso de Rosenstadt & Waller, Inc., contra el Registrador de Caguas, 23 D. P. R. 289, no habiendo una prohibición legal, expresa o tácita, o de un resultado claramente inmoral debe prevalecer el principio de la libertad en las transacciones de las personas, bien sean naturales, ya jurídicas.

La nota recurrida debe ser revocada y ordenarse la inscripción del documento.

*Revocada la nota recurrida y ordenada la inscripción solicitada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.