Luce and Co., S. en C. recurrente, *v.* El Registrador de Guayama, recurrido.

No. 594.—*Sometido:* Mayo 24, 1924.  *Resuelto:* Julio 9, 1924.

*Resuelto en reconsideración:* Febrero 20, 1925.

Venta Nula—Prohibición de Adquirir Bienes del Mandante por el Mandatario.—Ratificando la doctrina establecida en el caso de *Giménez* v. *El Registrador,* 21 D. P. R. 329, se resolvió en este caso que es nula por ser contraria a las disposiciones del número 2 del artículo 1362 del Código Civil, la venta de condominios hecha como mandatario de los dueños por una persona que es gestor de la sociedad compradora.

Nota de *R. B. Pérez Mercado,* R. (Guayama), denegando inscripción de escritura de venta de varios condominios. *Confirmada.*

*J. Tous Soto,* abogado de la recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Se ha establecido este recurso gubernativo por Luce & Company, sociedad agrícola constituída de acuerdo con el Código Civil de esta Isla, porque el Registrador de la Propiedad de Guayama se negó a inscribir en sus libros la compra que dicha sociedad hizo de varios condominios en la hacienda Carmen de Salinas a Mr. Charles L. Carpenter, como apoderado de los vendedores, siendo el fundamento de esa negativa que la compra es nula de acuerdo con el artículo 1362, No. 2, del Código Civil y nuestra decisión en el caso de *Giménez* v. *El Registrador,* 21 D.P.R. 329, porque el apoderado de los vendedores es gestor de la sociedad compradora.

El artículo 1362, No. 2, del Código Civil dispone que los

mandatarios no podrán adquirir por compra, aunque sea en subasta pública o judicial, por·sí ni por persona alguna intermedia, los bienes de cuya administración o enajenación estuviesen encargados; y en el caso de *Giménez* v. *El Registrador, supra,* hemos declarado que no era inscribible la compra hecha por una esposa con dinero de la sociedad legal de gananciales de bienes pertenecientes a una sociedad mercantil de la cual su marido era socio gestor.

Acepta la recurrente que el gestor de una sociedad civil es un mandatario de la sociedad, que Mr. Charles L. Carpenter era un mandatario de los vendedores y que en el caso citado el marido vendió bienes de la sociedad de que era gestor a su esposa para la sociedad legal de gananciales y que prácticamente el gestor se estaba vendiendo a sí mismo por lo que esa venta era nula, pero alega que el presente caso es diferente porque si en el de *Giménez* v. *El Registrador* el marido como representante de la sociedad de gananciales hubiera vendido bienes de ella a la mercantil de que era gestor la venta hubiera sido válida porque el marido vendedor es una personalidad diferente de la sociedad mercantil de que formaba parte y hubiera sido de aplicación varios casos que cita y que luego examinaremos.

Nosotros no vemos la distinción que hace el recurrente en el caso de *Giménez* v. *El Registrador* para aplicarla al presente caso, pues si la compra hecha por la esposa era nula porque su marido era gestor, y por tanto mandatario de la mercantil vendedora por lo que prácticamente el marido estaba comprando lo mismo que vendía como gestor, de igual modo si él como gestor de la mercantil hubiera comprado bienes que él vendiera como representante de la sociedad de gananciales se hubiera estado vendiendo a sí mismo los bienes que representaba y la venta hubiera sido nula.

En el presente caso Mr. Charles L. Carpenter compró prácticamente para sí, pues era socio gestor de Luce & Company, los bienes que le vendió como apoderado de los due-

ños, por lo que esa venta es nula de acuerdo con el artículo 1362, No. 2, ya citado.

En cuanto a los casos citados en apoyo del recurso no son de aplicación al presente pues en el de *Turner* v. *El Registrador,* 22 D.P.R. 573, después de ratificar el de *Giménez* v. *El Registrador, supra,* se declaró que dicho caso no era aplicable a aquél porque los presidentes de corporaciones no son mandatarios de ellas: en el de *Rosenstadt and Waller, Inc.,* v. *El Registrador,* 23 D.P.R. 291, no había cuestión de venta por el apoderado sino si Jacobo Rosenstadt como gestor de la corporación podía comprar para ella los bienes que él y su esposa le vendieron: y en el de *Sobrino, Fernández & Cía.* v. *El Registrador,* 27 D.P.R. 459, Félix Pérez vendió como apoderado·bienes de la mercantil Sobrino y Fernández a otra mercantil llamada Sobrino, Fernández y Co., Sucesores, no compró para sí los bienes que vendió ni era socio gestor de la mercantil compradora.

El hecho de que Carpenter como apoderado de los dueños de los condominios concediera una opción de compra a una persona quien después la cedió a la sociedad de que forma parte el apoderado que dió la opción y de que por esto la venta relevó a los vendedores de la obligación de venta contraída no es motivo para estimar que la venta no sea nula.

En vista del resultado a que llegamos no es necesario considerar un defecto subsanable consignado por el registrador, quien por otra parte se allana a su revocación.

La nota recurrida *debe ser confirmada.*

El Juez Asociado Sr. Wolf no tomó parte en la primera resolución de este caso.

RESOLUCIÓN SOBRE RECONSIDERACIÓN DE FEBRERO 20, 1925.

Examinada detenidamente la moción en que se nos pide que reconsideremos nuestra resolución dictada en este caso en julio 9 de 1924 y los motivos en que se funda, no ha lugar a lo solicitado, pues aunque el caso de *Sobrino, Fernández & Cía.* v. *El Registrador,* 27 D.P.R. 459 no pudiera distin-

guirse del presente, la doctrina en éste expuesta debe prevalecer; y por los mismos fundamentos de nuestra resolución de 9 de julio de 1924, *se confirma la nota recurrida* de abril 17, 1924.

El Juez Asociado Sr. Wolf disintió.[1]