LUCE & CO., S. EN C., RECURRENTE, *v.* REGISTRADOR DE GUAYAMA, RECURRIDO.

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO SR. WOLF.

No. 594.—*Resuelto:* Febrero 20, 1925. (La opinión del tribunal en la pág. 491.)

En reconsideración. Conviene hacer un resumen de los hechos. Charles L. Carpenter era un socio gestor de la sociedad agrícola Luce & Co. También era apoderado de los vendedores. Luce & Co. aparecía adquiriendo por un intermediario la propiedad cuya inscripción ha sido denegada.

El registrador y la opinión original de este tribunal descansan en el caso de *Giménez* v. *El Registrador de San Juan,* anotado en 21 D.P.R. 329. En ese caso Camblor que era un esposo y socio gestor de una mercantil vendió una propiedad a la esposa de dicho Camblor. El fundamento de la decisión de ese caso era que el referido esposo no había de ser distinguido de la sociedad conyugal de la cual él y su esposa eran partes componentes; que al ser adquirida la propiedad por la esposa era una adquisición por el marido. Es evidente que la venta no podía ser distinguida de una en la que Camblor, socio gestor vendía a Camblor hombre casado. El efecto legal es exactamente igual. La propiedad en uno u otro caso se presume que es ganancial.

En el presente caso Carpenter no es la sociedad de la cual es él un socio gestor. La sociedad de Luce & Co. es una entidad distinta de dicho Carpenter. Este último no está adquiriendo para sí mismo sino para la sociedad. Los preceptos literales del artículo 1362 del Código Civil no son aplicables a tal compra. El socio gestor es un mandatario de la sociedad en un sentido en el cual el marido no es mandatario de la sociedad conyugal. Durante la vida de los esposos el marido constituye para todos los fines y propósitos la entidad en conjunto. Si un marido ha de considerarse meramente como un mandatario entonces las disposiciones del artículo 1362 serían letra muerta en todo caso en que se verificara una adquisición para el marido, porque la naturaleza ganancial de los bienes surgiría inmediatamente.

Manresa en el tomo 10 página 100 al comentar el artículo 1362 (1459) expresa que los mandatarios como los socios gestores no pueden adquirir los bienes de sus mandantes pero aclara el punto de que un mandatario es una cosa y un mandante es otra. El artículo 1362 no prohibe al mandante adquirir bienes de su mandatario, sino vice versa.

El caso de *Sobrino Fernández & Cía.* v. *El Registrador de San Juan,* 27 D.P.R. 459, fué uno en el cual el socio gestor era miembro tanto de la mercantil vendedora como de

la sociedad compradora, y. resolvimos que la sociedad adquirente era una entidad distinta de su gestor, citándose el caso de *Rosenstadt & Waller, Inc.,* 23 D.P.R. 289.   La distinción entre la personalidad del socio gestor y la sociedad quedó establecida clara y distintamente.   Por tanto aquí también puede decirse que Carpenter no es Luce & Co. precisamente como Benigno Fernández no era Sobrino y Fernández & Co.   En el caso de *Rosenstadt & Waller, supra,* era el presidente de la corporación quien era el gestor.   El caso de *Turner* v. *El Registrador de San Juan,* 22 D.P.R. 573, también sostiene la idea de entidades distintas en cuanto al presidente de una corporación y la corporación misma.

El recurrente llama también la atención hacia el hecho de que al artículo 1362 ha de dársele una interpretación limitada más que liberal.

*Debe revocarse la nota recurrida.*