Sucesión de Obdulio Jiménez Saltebrán, recurrente *v.* El Registrador de la Propiedad de Guayama, recurrido.

No. 951.—*Sometido:* Mayo 25, 1935. *Resuelto:* Julio 16, 1935.

---

\* Nota: Véase el prefacio.

*Celestino Domínguez Rubio y Luis Domínguez Rovira,* abogados de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinion del tribunal.

En 1897, doña Julia Palmieri y Santiago, viuda, y don Antonio Passalacqua y Costa, disolvieron una sociedad mercantil conocida con el nombre de Passalacqua & Cía. La escritura de disolución contenía las siguientes cláusulas:

"TERCERA.—En atención a que por el momento no puede cada socio hacerse cargo de lo que le ha correspondido en la sociedad que se extingue por haber créditos pendientes de pago, otros pendientes de cobro, e inmuebles y derechos reales que no pueden dividirse por ahora, queda el don Antonio Passalacqua encargado de todas las pertenencias de la compañía para el pago y cobro de todos los créditos que

corresponden a ambos socios, por virtud de dicha disolución con todas las facultades de derecho.

"CUARTA.—Doña Julia Palmieri, por el derecho que le corresponde, y para los intereses de la misma señora, autoriza y apodera de la manera más solemne a don Antonio Passalacqua, para hacer transacciones, concesiones, celebrar compromisos y para todos los demás actos necesarios a la realización y mayor éxito de los intereses sociales, con las responsabilidades que le impone el Código Mercantil, hasta la completa liquidación de la sociedad disuelta.

"QUINTA.—Don Antonio Passalacqua queda constituído liquidador de la casa mercantil Passalacqua & Companía, que se extingue por la presente escritura, con las obligaciones y responsabilidades que como tal liquidador le impone el Código Mercantil."

En 1913, Passalacqua, como liquidador, vendió una parcela de terreno y el registrador inscribió la venta sujeta al defecto subsanable de que no se acreditaba el carácter y facultades de Passalacqua, como liquidador. En mayo de 1935, los actuales dueños de la finca trataron de subsanar el defecto, presentando en el registro de la propiedad copia de la escritura de disolución. El registrador se negó a efectuar el asiento solicitado, fundándose en que el documento no otorgaba a Passalacqua el derecho a vender los bienes inmuebles y por no tener él tales facultades de conformidad con la ley. El artículo 1604 del Código Civil (edición de 1930) provee:

"El mandato concebido en términos generales, no comprende más que los actos de administración.

"Para transigir, enajenar, hipotecar o ejecutar cualquier otro acto de riguroso dominio, se necesita mandato expreso."

El recurrente cita 2 Manresa 448, al efecto de que el poder para transigir comprende el poder para enajenar los bienes objeto de la transacción. Empero, aquí no estaba envuelta ninguna transacción, como tampoco estaba la propiedad en cuestión envuelta en ninguna transacción. El recurrente también cita del mismo autor y tomo, al efecto de que la administración a veces incluye el poder para enajenar, como por ejemplo, para vender los productos agrícolas del suelo. En ausencia de ulterior cita de autoridades, no estamos dis-

puestos a extender esta doctrina para que incluya una enajenación del terreno mismo.

■■ El recurrente también se refiere a un asiento posterior en el registro de la propiedad en que aparece que Passalacqua traspasó a la misma doña Julia Palmieri varias parcelas de terreno valoradas en $5,000 en pago de la deuda de la sociedad para con ella. El recurrente se funda en esta transacción como prueba de la ratificación. No habiéndosele sometido al registrador la cuestión de ratificación, ésta no puede ser suscitada ahora como argumento para la revocación. De todos modos, la cuestión de una ratificación implícita *vel non* es una cuestion debatible de hecho que podría quizá surgir en una acción reivindicatoria al ser traída por doña Julia Palmieri contra los dueños del terreno envuelto en el presente recurso, o en un pleito para despejar el título (*to remove the cloud*) de tales dueños al ser promovido por ellos. No es ésa cuestión que pueda propiamente ser resuelta por el registrador de la propiedad, de una mera inspección del asiento en que se funda el recurrente. Además, el adquirente del terreno en controversia no era un acreedor de la sociedad mercantil y el terreno no le fué traspasado en pago de ninguna deuda o reclamación contra la sociedad.

Este hecho también sirve para excluir el presente caso de otra cita que el recurrente hace de 2 Manresa 447, al efecto de que la facultad para pagar las deudas incluye la facultad para enajenar bienes en pago de tales deudas.

■■ Lo que más se aproxima a un poder expreso para vender bienes inmuebles en el presente caso es la autorización de ''todos los demás actos necesarios a la realización y mayor éxito de los intereses sociales, con las responsabilidades que le impone el Código Mercantil, hasta la completa liquidación de la sociedad disuelta.'' Fuera de cualquier cuestión de *noscitur a sociis,* éste no es un poder expreso para vender bienes inmuebles. Por sus términos no equivale por lo menos a un poder para vender o convertir en numerario el activo de la sociedad. La armonía que guarda la palabra ''realiza-

ción'' con las palabras ''mayor éxito'' indica claramente que los ''intereses sociales'' no son activo tangible, incluyendo bienes inmuebles. El interpretar tal fraseología como equivalente a un poder expreso para vender bienes inmuebles, sin necesidad para ello y sin relación aparente entre la venta y el pago o cumplimiento de cualquiera de las obligaciones de la sociedad, sería subversivo de la bien establecida regla de estricta hermenéutica.

La ley misma no otorga a Passalacqua mayor autoridad que la conferídale por la escritura de disolución. El artículo 147 del Código de Comercio (edición de 1932) lee así:

''Desde el momento en que la sociedad se declare en liquidación, cesará la representación de los socios administradores para hacer nuevos contratos y obligaciones, quedando limitadas sus facultades, en calidad de liquidadores, a percibir los créditos de la compañía, a extinguir las obligaciones contraídas de antemano, según vayan venciendo, y a realizar las operaciones pendientes.''

El caso de *Quiñones* v. *Registrador,* 18 D.P.R. 130, es el más favorable al recurrente. Allí este tribunal resolvió substancialmente que el poder para cancelar una hipoteca está incluído entre los poderes conferidos a un liquidador por el artículo 228, hoy 147 supra del Código de Comercio. La cancelación de una hipoteca es un incidente, de ordinario un incidente necesario, al cobro de una deuda garantizada con tal hipoteca. Así pues, la facultad para cancelar una hipoteca puede ser considerada como incluída en la facultad para cobrar la deuda, no embargante el hecho de que tal cancelación envuelve la enajenación de un derecho real. Quizá, cuando terreno gravado con fuertes hipotecas es vendido como en el caso de *Martin* v. *Dial,* 89 A.L.R. 571, con el propósito de liquidar las duedas insolutas, ya se le venda directamente al acreedor hipotecario o a alguna otra persona que asuma la hipoteca, la facultad para vender tales bienes inmuebles podría decirse que en Puerto Rico, al igual que en Tejas, es incidental e implícita en la facultad para liquidar tal deuda. No es ése el presente caso. Ni del hecho de que la facultad

para concelar una hipoteca esté implícita en la facultad para cobrar la deuda garantizada con tal hipoteca, ni del hecho de que la facultad para disponer de una finca hipotecada esté implícita en la facultad para liquidar la deuda pendiente, se desprende que un liquidador tiene poder para vender cualesquiera bienes inmuebles que estén en su poder, en ausencia de cualquier relación entre tal venta y sus deberes como liquidador. No existe prueba satisfactoria de tal relación en el presente caso. Por el contrario, todos los hechos ante nos tienden a indicar una conclusión contraria. Además, aquí la jurisdicción del registrador para considerar y determinar cualquier cuestión dudosa de hecho podría ser, para decir lo menos, seriamente atacada.

En *American Colonial Bank* v. *Registrador,* 4 D.P.R. 289 (segunda edición) y en *Sucrs. de Sobrino Fernández & Co.* v. *Registrador,* 27 D.P.R. 459, la facultad para vender el activo, es decir, la facultad para convertir en numerario todos los bienes muebles e inmuebles, fué conferida expresamente. Conforme ya hemos demostrado, la escritura de disolución que ahora estamos considerando no puede decirse que haya conferido a Passalacqua tal facultad, ya sea en términos expresos o por necesaria inferencia.

*Debe confirmarse la nota recurrida.*