Mateo Latallade, Eduardo Reyes y Teodora Latallade, recurrentes, *v.* El Registrador de la Propiedad de Guayama, recurrido.

Núm. 1195.—*Sometido:* Noviembre 4, 1946. *Resuelto:* Noviembre 27, 1946.

*Domínguez & Domínguez,* abogados de los recurrentes; el registrador recurrido no compareció.

El Juez Presidente Señor Travieso emitió la opinión del tribunal.

Don Mateo Latallade, vecino de la ciudad de Nueva York, otorgó escritura de poder por la que facultó a don Eduardo Reyes para vender todos los condominios, derechos y acciones que pudieran corresponderle en cierta finca rústica de 73 cuerdas, radicada en el término municipal de Patillas, Puerto Rico, por títulos hereditarios o por cualquier otro título.

Por escritura otorgada en Guayama el 27 de abril de 1946, el señor Eduardo Reyes, en su carácter de apoderado de Latallade, vendió los mencionados condominios, derechos y acciones a doña Teodora Latallade y Rivera, hermana del poderdante y esposa del apoderado Eduardo Reyes. Negóse el Registrador a practicar la inscripción por las razones expuestas en la siguiente nota:

"Denegada la inscripción del documento que precede, que es una copia de la escritura número 33, otorgada en Guayama el 27 de abril de 1946, ante el notario Celestino Domínguez Rubio, con vista de un poder, por cuanto Eduardo Reyes, apoderado de Mateo Latallade Rivera, es la persona, por virtud de dicho poder, encargada de la enajenación de los condominios de su mandante en la finca descrita, y a su vez es también, a la luz del derecho, condueño de dichas participaciones compradas por su esposa Teodora Latallade Rivera, sin que resulte de los documentos presentados ratificación alguna del contrato por parte de dicho mandante, como tampoco se acredita en forma alguna que tal adquisición sea para la exclusiva propiedad de la cesionaria Teodora Latallade Rivera."

El Registrador basa su nota en lo resuelto por este Tribunal en *Giménez* v. *Registrador*, 21 D.P.R. 329 y en *Luce & Co.* v. *Registrador*, 33 D.P.R. 489. En el primero de dichos casos se resolvió que estando comprendido en el concepto de mandatario el de gestor de una sociedad, de acuerdo con la prohibición establecida en el párrafo 2 del art. 1362 del Código Civil Revisado (Art. 1348 ed. 1930) el gestor de una sociedad no puede vender bienes de la misma a su esposa

actuando ésta como representante de la sociedad de gananciales. En el segundo, ratificando la doctrina establecida en *Giménez* v. *Registrador,* se resolvió que es nula por ser contraria a las disposiciones del citado artículo del Código Civil, la venta de condominios hecha como mandatario de los dueños por una persona que es gestor de la sociedad compradora.

No vemos cómo pueda distinguirse el caso de autos de los arriba citados. El apoderado en este caso ha vendido la finca a su esposa, quien, presumiblemente, la adquiere para la sociedad de gananciales. Es cierto que la esposa puede por sí sola y sin el consentimiento del marido adquirir bienes para la sociedad de gananciales; pero no es menos cierto que los beneficiarios de tal adquisición son el marido y la esposa y que el marido es el administrador de los bienes pertenecientes a la sociedad conyugal.

*La nota recurrida debe ser confirmada.*

El Juez Asociado Sr. Snyder no intervino.