PERAZA, RECURRENTE, *v.* EL REGISTRADOR DE ARECIBO, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Pro-. piedad de Arecibo inscribiendo con defecto subsanable una escritura de hipoteca.

No. 519.—Resuelto en mayo 19, 1922.

BIENES GANANCIALES—SOCIEDAD CONYUGAL.—Una mujer casada puede comparecer por sí sola y adquirir válidamente bienes inmuebles. Si no consta la procedencia del dinero empleado, los bienes adquiridos se presume que lo son para la sociedad conyugal.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. G. Zeno Sama.*

El registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Por escritura pública Gerardo García y su esposa María Dorotea Delgado reconocieron deber a Inocencia Peraza Betancourt, mayor de edad, casada con Francisco García Delgado, cierta suma de dinero y para garantir su pago hipotecaron dos fincas rústicas. Presentada la escritura en el registro, el registrador la inscribió pero "con el defecto subsanable de no estar legalmente representada la sociedad conyugal adquirente." No conforme Inocencia Peraza, interpuso el presente recurso gubernativo contra la calificación del registrador.

Explicando los fundamentos de su nota, expresa el registrador en su alegato:

"Que para poner el defecto subsanable, objeto de este recurso, tuvo en cuenta lo dispuesto en los artículos 159 y 161 del Código Civil, que dicen así:

" 'Artículo 159.—El marido será el administrador de los bienes de la sociedad conyugal, salvo estipulaciones en contrario.

" 'Las compras que con dichos bienes haga la mujer serán válidas, cuando se refieran a cosas destinadas al uso de la familia, de acuerdo con la posición social de ésta.

" 'No obstante, los bienes inmuebles de la sociedad conyugal no

podrán ser enajenados o gravados, bajo pena de nulidad, sino me·
diante el consentimiento expreso de ambos cónyuges.

" 'Artículo 161.—El marido es el representante legal de la so-
ciedad conyugal.

" 'La mujer puede por sí contratar y comparecer en juicio para
lo que se refiera a la defensa de sus derechos o de sus bienes pro-
pios, al desempeño de la patria potestad, a la tutela o administración
que le confiera la ley y al ejercicio de una profesión, cargo u ocu-
pación.'

"Y es claro, si el marido es el representante legal de la sociedad
de gananciales, la mujer no puede representarla; y si sólo son vá-
lidas las compras que haga la mujer, cuando se refieran a cosas des-
tinadas al uso de la familia, es evidente que en cualquier otra com-
pra que realice la sociedad conyugal, máxime si se trata de un bien
inmueble, ha de estar representada por el marido."

La mujer en este caso no compareció como administradora
de la sociedad de gananciales. Compareció haciendo uso del
derecho que a toda mujer, soltera o casada, reconocen nues-
tras leyes para contratar y adquirir. Sólo exige la ley que·
en "caso de que fuera casada la persona que aparezca como
adquirente del derecho que es objeto del contrato, se expre-
sará el nombre y apellido del cónyuge que no comparezca
al otorgamiento." Véase la sección 16 de la vigente Ley
Notarial. Y el notario cumplió aquí con ese requisito.

El registrador debió haberse limitado a inscribir la hipo-
teca a nombre de la persona casada a favor de quien estaba
constituída, con expresión del nombre de su consorte. Y
como del documento no consta que el dinero prestado y ga-
rantido por la hipoteca sea privativo de la esposa, claro es
que el derecho adquirido e inscrito tendría la presunción de
ser un bien ganancial. Eso es todo.

La cuestión no es nueva. Fué estudiada y resuelta por esta
misma Corte Suprema desde 1914. En el caso de *Giménez*
v. *El Registrador,* 21 D. P. R. 329, 332, la corte, por medio
de su Juez Asociado Sr. Hutchison, se expresó así:

"Es cierto que el marido es el administrador de la sociedad con-

yugal, pero de esto no se deduce necesariamente que la esposa está incapacitada para recibir una escritura de venta sin su consentimiento. Dejando a un lado la mera cuestión de la administración, no se ha llamado la atención de este tribunal acerca de ningún artículo del código que establezca alguna diferencia entre los esposos, y la tendencia y espíritu general de la ley al tratar del marido y de la mujer y de bienes gananciales se muestra firmemente en oposición a la idea de alguna distinción. La omisión significativa de nuestro código local del artículo 61 del Código Español que expresamente determina que no puede la mujer sin licencia o poder de su marido, adquirir por título oneroso ni lucrativo, enajenar sus bienes, ni obligarse sino en los casos y con las limitaciones establecidas por la ley, también indica claramente por lo menos que no debemos dejar de tener presente la máxima *ubi lex non distinguit, nec nos distinguere debemus.*"

Por virtud de lo expuesto, se revoca la nota recurrida en cuanto al defecto subsanable en la misma consignado.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.