Rosita Silva, peticionaria, *v.* Corte de Distrito de San Juan, Hon. Ricardo la Costa, Juez, y Tomás Monteserín y Manuela Barbosa de Monteserín, demandados.

Núm. 1223.—*Sometido:* Noviembre 25, 1940. *Resuelto:* Diciembre 10, 1940.

726

*Estrella García Capella*, abogado de la peticionaria; *Villamil & Santana Becerra*, abogados de los interventores, demandados en el pleito principal.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

La peticionaria, mujer casada, tenía establecido a su nombre, en la casa núm. 49 de la calle "Allen," de San Juan, un salón de belleza, negocio al que ha venido dedicándose durante los últimos siete años. Con el propósito de reducir el costo del arrendamiento, la peticionaria dió en subarrendamiento a los esposos Monteserín una habitación y el zaguán de dicha casa, por un canon de $28 mensuales.

En 7 de junio de 1939, la peticionaria Rosita Silva radicó demanda ante la Corte Municipal de San Juan contra los esposos Monteserín, en cobro de los cánones de subarrendamiento correspondientes a los meses de abril y mayo del mismo año. Desestimada la demanda y apelado el caso para

ante la Corte de Distrito de San Juan, la demandante enmendó su demanda, la cual fué excepcionada por los demandados, por no aducir, a su juicio, hechos suficientes para determinar una causa de acción a favor de la demandante. Se fundó dicha excepción previa en que siendo Rosita Silva, la demandante y aquí peticionaria, una mujer casada, es al esposo de ella a quien incumbe ejercitar la acción en cobro de los cánones de subarrendamiento no satisfechos por los esposos demandados.

Por la sentencia cuya revisión se pide, la corte inferior declaró sin lugar la demanda e impuso las costas a la demandante. Los fundamentos de dicha sentencia son:

1. Que el presente no es uno de aquellos casos en que una mujer casada puede demandar sin el concurso del marido, a tenor de lo dispuesto en el artículo 54 del Código de Enjuiciamiento Civil, pues no se trata de una acción entre marido y mujer, ni de una en que esté envuelto el derecho de *homestead* o que se relacione con bienes propios de la demandante, ni hay prueba de que los cónyuges estén separados.

2. Que los cánones de subarrendamiento que se reclaman no son bienes propios de la esposa demandante, a tenor de lo dispuesto por el artículo 1299 del Código Civil, ed. 1930.

3. Que no es de aplicación el artículo 6 del Código de Comercio, ed. 1932, ni el 93 del Código Civil, porque no hay prueba de que la esposa demandante se dedique al comercio o a la industria; porque un negocio de salón de belleza no es una industria, ni tampoco puede decirse que la persona que al mismo se dedica sea comerciante o esté dedicada al comercio; y porque el subarrendamiento de un local no convierte al subarrendador en comerciante.

4. Que la acción que se ejercita es para beneficio de la sociedad de gananciales y debe, por lo tanto, ser ejercitada por el marido y no por la esposa.

Sostiene la peticionaria que las decisiones de esta Corte Suprema en *Vázquez* v. *Valdés*, 28 D.P.R. 467, *Vázquez* v. *P. R. Railway, Light & Power Co.*, 35 D.P.R. 62, *Irizarry* v. *Díaz Ojea*, 35 D.P.R. 144, *Dávila* v. *P. R. Railway, Light & Power Co.*, 44 D.P.R. 950, y *Flit* v. *White Star Bus Line, Inc.*, 49 D.P.R. 144 y 50 D.P.R. 98, en las cuales se basa la

sentencia recurrida, no son de aplicación al caso de autos; y que éste debe regirse por las disposiciones del artículo 6 del Código de Comercio y del artículo 93 del Código Civil. Los citados artículos leen como sigue:

"Artículo 6.—La mujer casada podrá dedicarse libremente al comercio o a la industria sin otras formalidades que las requeridas para los comerciantes varones. Sólo estarán obligados a las resultas del comercio o industria a que se dedicare la mujer, sus bienes privativos, los frutos, rentas e intereses de dichos bienes, los beneficios que se obtengan como consecuencia inmediata y directa de la industria o tráfico a que se dedicare, y los bienes que adquiriere con dichos beneficios, pudiendo enajenar todos esos bienes sin consentimiento del marido. Los demás bienes gananciales quedarán obligados a las resultas del ejercicio del comercio o industria por la mujer, cuando mediare el consentimiento expreso o tácito del marido. Si el marido quisiere expresar su voluntad de que dichos gananciales no queden obligados, lo notificará por escrito, debidamente identificado, a su mujer y al registro mercantil, en donde se hará constar por nota al margen de la inscripción del comerciante.

"Artículo 93.—El marido es el representante legal de la sociedad conyugal.

"La mujer puede por sí contratar y comparecer en juicio para lo que se refiera a la defensa de sus derechos o de sus bienes propios, al desempeño de la patria potestad, a la tutela o administración que le confiera la ley y al ejercicio de una profesión, cargo u ocupación."

 La primera cuestión que debemos resolver es ésta: ¿Es el mantenimiento y explotación de un *salón de belleza* la clase de comercio o industria a que una mujer casada puede dedicarse libremente, sin que sea requisito legal necesario el consentimiento expreso o tácito del marido?

El "salón de belleza" o "beauty parlor" es un establecimiento al que acuden las damas a peinarse, a rizarse el cabello, a cortarse y pulirse las uñas y a recibir masajes y toda clase de tratamientos tendientes a embellecer su cara y su cuerpo. Es de público conocimiento que, además de esos servicios, los clientes de esos establecimientos obtienen allí por compra, perfumería, cosméticos y otros efectos manufacturados en el mismo establecimiento o comprados por

éste para ser revendidos a sus clientes. Son, pues, dichos establecimientos centros de comercio y de industria a la vez. También puede decirse que la persona que se dedica a realizar los trabajos y a prestar los servicios propios de un salón de belleza, ya lo haga personalmente o por medio de sus empleados, está dedicada al ejercicio de una ocupación.

Cuando la demandante tomó en arrendamiento una casa, para establecer en ella un salón de belleza, realizó un acto necesario para la instalación y explotación de los negocios inherentes a dicha clase de establecimientos. Y cuando subarrendó parte del local, con la idea de reducir los gastos generales del negocio emprendido, realizó también otro acto de comercio relacionado con el mismo negocio.

El canon de subarrendamiento que los demandados debían pagar a la demandante, no puede en manera alguna ser considerado como un fruto o beneficio líquido del negocio de la demandante. Ésta estaba obligada a pagar el canon de arrendamiento por la totalidad de la casa. Si los demandados pagan por el subarriendo, la demandante reduce *pro tanto* los gastos generales de su negocio; y si, por el contrario, no pagan, entonces la demandante se verá obligada a pagar el canon completo.

Para poder determinar si el subarrendamiento de parte de la casa dejó beneficios o pérdidas, sería necesario practicar una liquidación de todo el negocio de la demandante. Es indudable que los beneficios líquidos obtenidos por una mujer casada en el ejercicio del comercio o de una industria corresponden a la sociedad de gananciales. Pero esos beneficios líquidos no pueden tener existencia legal mientras no se practique una liquidación del negocio que los produjo. Mientras no se paguen las deudas contraídas en el negocio o industria de una mujer casada, los bienes privativos de ésta, los frutos, rentas e intereses de dichos bienes, los beneficios que obtenga como consecuencia de la industria o tráfico a que se dedicare y los bienes que adquiriere con dichos beneficios, permane-

cerán afectos al pago de dichas deudas. Si sostuviéramos lo contrario, tendríamos que sostener también que cada vez que una mujer casada, dedicada al comercio, realiza una venta de un artículo por· un precio mayor que su costo, la diferencia entre el precio de venta y el costo se convierte instantáneamente en un bien ganancial; y en ese caso, si la venta se hubiese hecho a crédito y el comprador no pagase la cuenta, el esposo de la mujer comerciante tendría que instituir la demanda en cobro de la cuenta. Todo lo cual equivaldría a dejar sin efecto los estatutos, ahora vigentes, que reconocen el derecho de la mujer casada a ejercer libremente el comercio, la industria y las ocupaciones y a comparecer en juicio sin la asistencia del esposo en todo lo relacionado con tales actividades.

*Por las razones expuestas debe anularse la sentencia recurrida y devolverse el caso a la corte de su procedencia para ulteriores procedimientos no inconsistentes con esta opinión.*