R. C. Quiñones, peticionario, *v.* Corte de Distrito de San Juan, Hon. R. La Costa, Jr., Juez, demandada.

Núm. 1259.—*Sometido:* Noviembre 3, 1941. *Resuelto:* Noviembre 6, 1941.

*Estrella García Capella,* abogado del peticionario.

Eʟ Juᴇᴢ Asᴏᴄɪᴀᴅᴏ Sᴇñᴏʀ Dᴇ Jᴇsús emitió la opinión del tribunal.

R. C. Quiñones presentó una solicitud de *certiorari* interesando la revisión de cierta sentencia que en grado de apelación dictara contra él y su esposa la corte inferior por la cantidad de $106.15. Alega el recurrente que la sentencia dictada contra él es errónea por cuanto la cantidad reclamada por el demandante Luiña procede de cierto contrato de arrendamiento celebrado exclusivamente por su esposa en relación con el negocio de "salón de belleza" que ella tiene establecido por su cuenta, y que por consiguiente no es él responsable de dicha obligación. Invoca el caso de *Silva* v. *Corte,* 57 D.P.R. 725.

La cuestión ahora suscitada presenta otra fase del artículo 6 del Código de Comercio que no estuvo envuelta en el caso antes citado. Allí se resolvió que una mujer casada dedicada al comercio o a la industria puede demandar sin el concurso del marido en reclamación de obligaciones contraídas a favor de dicho negocio o industria; pero el problema jurídico que ahora nos ocupa no es el de la capacidad de la mujer para demandar sin el concurso del marido, sino determinar la responsabilidad que pueda tener la sociedad de gananciales por las obligaciones contraídas por la mujer como resultado del citado comercio o industria a que se dedique.

 Para la mejor inteligencia de la cuestión, conviene tener a la vista el artículo 6 del Código de Comercio, que dice así:

Artículo 6.—La mujer casada podrá dedicarse libremente al comercio o a la industria sin otras formalidades que las requeridas para los comerciantes varones. Sólo estarán obligados a las resultas del comercio o industria a que se dedicare la mujer, sus bienes privativos, los frutos, rentas e intereses de dichos bienes, los beneficios que se obtengan como consecuencia inmediata y directa de la industria o tráfico a que se dedicare, y los bienes que adquiriere con

dichos beneficios, pudiendo enajenar todos esos bienes sin consentimiento del marido. Los demás bienes gananciales quedarán obligados a las resultas del ejercicio del comercio o industria por la mujer, cuando mediare el consentimiento expreso o tácito del marido. Si el marido quisiere expresar su voluntad de que dichos gananciales no queden obligados, lo notificará por escrito, debidamente identificado, a su mujer y al registro mercantil, en donde se hará constar por nota al margen de la inscripción del comerciante.''

Se observará que con arreglo al transcrito precepto legal, sólo estarán obligados a las resultas del comercio o industria a que se dedicare la mujer, sus bienes privativos, los frutos, rentas o intereses de dichos bienes, los beneficios que se obtengan como consecuencia inmediata y directa de la industria o tráfico a que se dedicare, y los bienes que adquiera con dichos beneficios. Sin embargo, el propio artículo prescribe también que, en adición a dichos bienes, los demás pertenecientes a la sociedad de gananciales quedarán también obligados en igual forma, cuando mediare el consentimiento expreso o tácito del marido para que la mujer se dedique a dicho comercio o industria, y no hubiese él expresado su voluntad de que los bienes gananciales no queden obligados, para lo cual lo notificará por escrito, debidamente identificado, a su mujer y al registro mercantil, en donde se hará constar por nota al margen de la inscripción del comerciante.

De los autos no aparece que la Sra. Silva de Quiñones se esté dedicando a dicho comercio o industria sin el consentimiento del marido. ▅▅ Por el contrario, surge de las defensas especiales que en contestación a la demanda interpuso el recurrente, que por lo menos hace nueve años que su esposa viene dedicándose a dicho comercio o industria, y siendo ello así y no apareciendo que el esposo haya expresado su inconformidad, surge claramente el consentimiento tácito a que se refiere la ley. Como tampoco aparece de los autos que el marido recurrente haya expresado su voluntad de que los demás bienes gananciales no queden obligados a

las resultas de dicho comercio o tráfico, pues no aparece que lo haya notificado a su mujer ni al registro mercantil en la forma prescrita por la ley, ni en ninguna otra, fuerza es concluir que todos los bienes de là sociedad conyugal están obligados a las resultas del indicado negocio; pero como el marido es el representante de la sociedad conyugal conforme dispone el artículo 93 del Código Civil, es él parte necesaria en el pleito para que dichos bienes puedan quedar sujetos a la sentencia que se dictare. No cometió, pues, la corte inferior el error que se le imputa, al dictar sentencia contra el recurrente.

*Procede, por lo expuesto, denegar la expedición del auto solicitado.*