EYLA M. RAMÍREZ, recurrente, *v.* EL REGISTRADOR DE LA PRO-PIEDAD DE AGUADILLA, recurrido.

Núm. 1116.—*Sometido:* Enero 10, 1943. *Resuelto:* Enero 27, 1943.

*José Veray, Jr.,* abogado de la recurrente; el registrador recurrido compareció por escrito.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del tribunal.

Por escritura pública de 21 de octubre de 1942, doña Joaquina Labadie Pellot dió en arrendamiento a la aquí recurrente cinco fincas rústicas por un término de diez años. Presentada dicha escritura para su inscripción en el Registro de la Propiedad de Aguadilla, el registrador practicó las inscripciones correspondientes, poniendo al pie de la escritura la siguiente nota:

"Defecto Subsanable: Las inscripciones antes citadas se practicaron con el defecto subsanable de no haber sido aceptado el contrato por Arturo Barreto, esposo de la arrendataria, en su carácter de administrador de la sociedad conyugal."

La recurrente nos pide que revoquemos dicha nota. Alega, que estando la mujer casada autorizada para por sí contratar y comparecer en juicio, no ve razón alguna para que ella

no pueda comparecer en un contrato de arrendamiento en donde no está gravando bienes inmuebles de la sociedad conyugal; y que estando la mujer facultada para adquirir por título oneroso sin el concurso de su esposo, también puede, por sí, tomar en arrendamiento una propiedad inmueble.

En defensa de su nota sostiene el registrador recurrido que aun cuando es cierto que esta Corte Suprema ha resuelto en *Giménez* v. *Registrador*, 21 D.P.R. 329; *Peraza* v. *Registrador*, 30 D.P.R. 537 y *Sojo* v. *Registrador*, 35 D.P.R. 855, que una mujer casada puede adquirir bienes inmuebles sin necesidad de que el marido comparezca en la escritura o dé su consentimiento para la adquisición, dicha jurisprudencia no es aplicable a un caso como el presente en que se trata de un contrato de arrendamiento que por su naturaleza y duración impone obligaciones futuras a la sociedad de gananciales; y que siendo el marido el único administrador de dicha sociedad esas obligaciones futuras no le pueden ser impuestas sin su consentimiento.

El artículo 61 del Código Civil Español, que exigía la licencia o autorización del marido para que la mujer pudiese adquirir por título oneroso, así como para contratar u obligarse, fué derogado por el Código Civil Revisado de 1902, cuyo artículo 1327 (Art. 1312 Ed. 1930) dispone que el marido es el administrador de la sociedad de gananciales, con la única limitación consignada en el artículo 1328 (1313 Ed. 1930) de que no podrá enajenar ni gravar a título oneroso los bienes gananciales sin el consentimiento expreso de la mujer. En *Peraza* v. *Registrador,* supra, y en *Sojo* v. *Registrador,* supra, esta Corte Suprema, opinó que el Código Civil vigente reconoce la capacidad de la esposa para adquirir bienes a título oneroso, sin que sea requisito legal el consentimiento del marido. El caso de *Longpré* v. *Registrador de San Jaun,* 24 D.P.R. 896 quedó implícitamente revocado por el de *Sojo* v. *Registrador,* en el que se resolvió que ''una esposa puede adquirir bienes en su propio nombre, aunque

desde luego la presunción es que los bienes así adquiridos pertenecen a la sociedad de gananciales". La decisión en este último caso revivió y dió nuevo vigor a la de *Giménez* v. *Registrador*, 21 D.P.R. 329, en la que se dijo:

"Es cierto que el marido es el administrador de la sociedad conyugal, pero de esto no se deduce necesariamente que la esposa está incapacitada para recibir una escritura de venta sin su consentimiento. Dejando a un lado la mera cuestión de la administración, no se ha llamado la atención de este tribunal acerca de ningún artículo del Código que establezca alguna diferencia entre los esposos, y la tendencia y espíritu general de la ley al tratar del marido y de la mujer y de bienes gananciales se muestra firmemente en oposición a la idea de alguna distinción. La omisión significativa de nuestro código local del artículo 61 del Código Español que expresamente determina que no puede la mujer sin licencia o poder de su marido, adquirir por título oneroso ni lucrativo, enajenar sus bienes, ni obligarse sino en los casos y con las limitaciones establecidas por la ley, también indica claramente por lo menos que no debemos dejar de tener presente la máxima *ubi lex non distinguit nec nos distinguere debemus.*"

¿Si la ley no establece distinción alguna entre las cosas que una mujer casada puede adquirir a título oneroso, sin el consentimiento de su marido, con qué autoridad podríamos nosotros sostener, sin violar la máxima antes citada, que una mujer puede comprar una finca, pero no puede tomarla en arrendamiento, sin obtener licencia de su esposo? La distinción que trata de establecer el recurrido entre el contrato de compraventa y el de arrendamiento, al efecto de que el primero no impone obligaciones futuras, como las impone el segundo, no es muy convincente. Es claro que si la esposa compra una finca y paga su precio al contado, esa transacción, consumada por la entrega de la finca y el pago del precio, no impone a la sociedad de gananciales obligaciones futuras. Pero es igualmente claro que si la esposa compra la finca por precio aplazado, esa transacción impone a la sociedad conyugal la obligación de pagar el precio en los plazos

que se hubieren estipulado, obligación idéntica a la de pagar los cánones estipulados en el contrato de arrendamiento.

Véanse: *Fuster* v. *Paonesa,* 43 D.P.R. 760; *E. Solé & Co.* v. *Sepúlveda,* 41 D.P.R. 813 y *Segarra* v. *Vivaldi,* 59 D.P.R. 803, 808.

*Debe revocarse la nota recurrida y ordenarse al regis- trador que practique la inscripción sin el defecto subsanable apuntado.*