MANUEL PÉREZ RODRÍGUEZ, demandante y apelante, *v.* SALOMÓN ASSAD HAWAYECK, demandado y apelado.

Núm. 9691.—*Sometido:* Junio 2, 1948. *Resuelto:* Junio 25, 1948.

*Francisco Vizcarrondo*, abogado del apelante; *Ulpiano Crespo, Jr.* o *Isaías M. Crespo*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Al ser llamado el presente caso para vista, se discutió en primer lugar la defensa especial del demandado al efecto de que la demanda no aduce hechos constitutivos de causa de acción en su contra. La corte inferior declaró con lugar dicha defensa, fundada en lo resuelto por nosotros en *Ramírez* v. *Registrador,* 61 D.P.R. 311, en el cual decidimos que la mujer casada puede tomar en arrendamiento propiedad inmueble, sin que sea requisito esencial que previamente haya obtenido licencia o autorización del marido. En el curso de su opinión y sentencia el juez de la corte a quo hizo constar, sin embargo, que era su criterio que "la mujer casada puede recibir una escritura por valor recibido sobre bienes para la sociedad de gananciales, sin el concurso de su marido, pero que no puede por sí sola obligar a la sociedad al pago futuro de dinero perteneciente a gananciales, con ningún contrato, a no ser para gastos co-

rrespondientes de la familia, pues tal obligación implica un acto de administración que impone deberes a la sociedad y la ley es clara en cuanto a que es el marido el representante y administrador de dicha sociedad."

Apela el demandante de la sentencia así dictada y en su alegato sostiene que la corte de distrito erró: (1) al dictar su sentencia en la forma en que lo hizo, no obstante sostener un criterio personal distinto; (2) al declarar sin lugar la moción de reconsideración; (3) al resolver en reconsideración que en la demanda no aparece planteada la cuestión de nulidad por dolo o por error; (4) al condenarle al pago de costas y (5) al sostener tanto en la sentencia como en la resolución sobre la reconsideración por él solicitada, que el demandante carecía de una buena causa de acción.

En *Ramírez* v. *Registrador,* supra, la demandante Joaquina Labadie Pellot cedió en arrendamiento a la allí recurrente cinco fincas rústicas por un término de diez años. Presentada para su inscripción la escritura, el Registrador inscribió con el defecto subsanable de no haber sido aceptado el contrato por el esposo de la arrendataria. Se llegó a la conclusión de que la escritura de arrendamiento era inscribible, sin el defecto apuntado por el Registrador.

En España, donde por disposición expresa de los artículos 61 y 1416 del Código Civil "Tampoco puede la mujer, sin licencia o poder de su marido, adquirir por título oneroso ni lucrativo, enajenar sus bienes, ni obligarse, sino en los casos y con las limitaciones establecidas por la ley" y "La mujer no podrá obligar los bienes de la sociedad de gananciales sin consentimiento del marido," respectivamente, se ha resuelto que los actos celebrados por la mujer sin licencia de su marido, no son nulos, sino de posible anulación y que a virtud de ello la Dirección General de los Registros considera inscribibles tales actos y contratos otorgados por la mujer sin licencia de su marido, siempre que en la inscripción se haga constar esa circunstancia, para

que sea conocida por los terceros que después hayan de contratar sobre los mismos bienes. Manresa, Comentarios al Código Civil Español, tomo 1, Sexta Edición, 1943, pág. 410 y la misma obra, volumen IX, Cuarta Edición, 1930, pág. 573.

En las Islas Filipinas, donde existe un Código Civil similar al nuestro, se dispone expresamente por el artículo 1416 que "la mujer no podrá obligar los bienes de la sociedad de gananciales sin consentimiento del marido." Y en Louisiana, donde existe al igual que en Puerto Rico la sociedad de gananciales y donde hay un Código Civil por disposición expresa de su artículo 122 "la mujer casada, aunque posea bienes privativos, no puede enajenarlos, cederlos o hipotecarlos, graciosamente o a título oneroso a menos que su esposo concurra en dicho acto o dé su consentimiento por escrito."

En Puerto Rico la prohibición contra la mujer no es tan clara y terminante. Según el artículo 91 de nuestro Código Civil, Ed. de 1930, el marido es el administrador de los bienes de la sociedad conyugal, salvo estipulación en contrario, y las compras que con dichos bienes haga serán válidas cuando se refieran a cosas destinadas al uso de la familia, de acuerdo con la posición social de ésta. Empero, continúa disponiendo ese artículo, los bienes inmuebles no pueden ser enajenados, so pena de nulidad, sin el consentimiento expreso de ambos cónyuges. En los artículos 1312 y 1313 del mismo cuerpo legal se repiten estos principios y en el 1308 se provee que serán de cargo de la sociedad de gananciales las deudas y obligaciones que contrajere la mujer "en los casos en que pueda legalmente obligar a la sociedad." Dispone, asimismo el artículo 93 del citado Código que "la mujer puede por sí contratar y comparecer en juicio para lo que se refiera a la defensa de sus derechos o de sus bienes propios . . . . "

A pesar de las anteriores disposiciones, este Tribunal ha resuelto que la mujer tiene capacidad para adquirir bienes inmuebles para la sociedad de gananciales sin necesidad de obtener el consentimiento de su marido. *Giménez* v. *El Registrador*, 21 D.P.R. 329; *Peraza* v. *El Registrador*, 30 D.P.R. 537 y *Sojo* v. *Registrador*, 35 D.P.R. 855. También, que la mujer casada puede suscribir un contrato condicional para la compra de un automóvil, ora tenga ella bienes privativos o no, así como tomar dinero a préstamo en su propio nombre, otorgando su pagaré personal. *E. Solé & Co. S. en C.* v. *Sepúlveda*, 41 D.P.R. 813 y *Fuster* v. *Paonesa*, 43 D.P.R. 760, respectivamente. Asimismo hemos dicho que una esposa puede por sí sola adquirir bienes inmuebles para la sociedad de gananciales, tanto de contado como a plazos. *Ramírez* v. *Registrador*, supra, y *Segarra* v. *Vivaldi*, 59 D.P.R. 803.

Existen casos, desde luego, en que por dedicarse la mujer al comercio o a la industria se ha aceptado la validez del contrato de arrendamiento de un inmueble por ella celebrado en relación con la industria o comercio a que se dedica. Véanse *Silva* v. *Corte*, 57 D.P.R. 725 y *Quiñones* v. *Corte*, 59 D.P.R. 438. En ambos, sin embargo, se interpreta el alcance del artículo 6 del Código de Comercio, según fué enmendado por la Ley núm. 42 de 1930, pág. 321,[1] y no el alcance de los artículos del Código Civil ya citados.

■ A los fines de una defensa especial como la moción para desestimar por falta de hechos para determinar una

---

[1] "Artículo 6.—La mujer casada podrá dedicarse libremente al comercio o a la industria sin otras formalidades que las requeridas para los comerciantes varones. Sólo estarán obligados a las resultas del comercio o industria a que se dedicare la mujer, sus bienes privativos, . . . . . pudiendo enajenar todos esos bienes sin consentimiento del marido. Los demás bienes gananciales quedarán obligados a las resultas del ejercicio del comercio o industria por la mujer, cuando mediare el consentimiento expreso o tácito del marido. Si el marido quisiere expresar su voluntad de que dichos gananciales no queden obligados, lo notificará por escrito, debidamente identificado, a su mujer y al registro mercantil, en donde se hará constar por nota al margen de la inscripción del comerciante."

causa de acción, todas las alegaciones esenciales de la demanda son tenidas como ciertas. Bajo estas condiciones es menester examinar la demanda. Ella en lo esencial sostiene: que el demandante es casado con Rosa María Rodríguez, quien en 22 de octubre de 1946 celebró ante notario un contrato de arrendamiento con el demandado, del cual el demandante no tuvo conocimiento alguno; que el demandante se enteró de tal contrato en enero de 1947, habiendo solicitado entonces de su esposa que rescindiera el mismo, por no haberse contado con su consentimiento para dicho otorgamiento y siendo el esposo demandante el administrador de la sociedad de gananciales; que el arrendamiento en cuestión envuelve un canon anual, pagadero por adelantado, de $900 y se extiende por un término de seis años; que la esposa del demandante pagó los primeros $900 el mismo día que se otorgó el contrato sobre una finca compuesta de tres parcelas que describe en su demanda bajo las letras "A", "B" y "C" y que el dinero pagado por su esposa para cubrir la primera anualidad del arrendamiento pereció a la sociedad de gananciales. Con éstas y otras alegaciones que es innecesario reseñar se solicita se decrete la nulidad del contrato de arrendamiento celebrado por la esposa del demandante sin consentimiento ni conocimiento de éste.

La cuestión específica aquí planteada no ha sido resuelta por nosotros en un caso contencioso.

Comentando el artículo 1412 del Código Civil Español dispositivo de que el marido es el administrador de la sociedad de gananciales, dice Manresa:

"La sociedad de gananciales, como todas las demás sociedades, requiere una dirección y una administración. Constituída dicha sociedad solamente por el marido y la mujer, la ley tenía que decidir, en primer término, si debía conceder a ambos, junta o separadamente esa dirección, o a uno solo de ellos.

"Dar idénticas facultades a ambos cónyuges para proceder de mutuo acuerdo, era embarazar seguramente la marcha de la socie-

dad, porque en cuantos asuntos no estuviesen conformes los dos gerentes, se impondría la intervención de la autoridad judicial para decidir, originándose cuestiones y disgustos, tanto más graves y lamentables, cuanto que no perturbarían simples relaciones de asociados, sino la paz y la armonía de la familia en el seno del hogar.

"Racionalmente, era necesario conferir a uno solo de los esposos la dirección y administración de la sociedad, y la solución en este caso no ofrecía duda. Siendo el hombre ser más fuerte, más enérgico, más en relación con la sociedad o el mundo exterior, y más desligado de los cuidados familiares y de los deberes domésticos, está, desde luego, en mejores condiciones para llevar esa dirección. El marido es el jefe de la familia por el acuerdo unánime de todas las legislaciones antiguas y modernas." IX, Manresa, Comentarios al Código Civil Español (Ed. 1930), pág. 568.

El derecho del marido a administrar los bienes de la sociedad conyugal con exclusión de la mujer es claro. Decir que la esposa puede obligar a la sociedad conyugal interviniendo en la administración de dicha sociedad adquiriendo bienes o derechos para la misma *con fondos de la sociedad,* ya se haga la adquisición mediante pagos al contado o por precio aplazado, equivale a ignorar el derecho de administrar conferido al marido por los artículos 91 y 1312 del Código Civil y a privarle de la representación legal de la sociedad conferídale por el artículo 93.

Claro es que, siendo la administración un derecho que corresponde al marido, éste puede, en cualquier caso, permitir que sea la mujer quien realice un acto de administración, pudiendo dar su consentimiento para ello ya expresa, ya implícitamente. Si la mujer, con el conocimiento de su marido y sin protesta de éste, ejercita un acto de administración, no tenemos duda de que el acto es válido, no obstante lo dispuesto en los artículos 91 y 1312 del Código Civil. Sin embargo, si el marido al tener conocimiento del acto de administración lo repudia dentro de un término razonable, comunicándolo así al que contrate con la mujer, el acto será nulo. Pero mientras el marido no lo

repudie, el acto así realizado será meramente anulable y la nulidad sólo podrá ser invocada por el marido, cuyo derecho de administración ha sido usurpado.(²)

El siguiente párrafo de Manresa, si bien se refiere a la licencia marital, no cabe duda que es de igual aplicación a aquellos casos como el presente en que la mujer realiza actos de administración de la sociedad conyugal sin el consentimiento del esposo:

"La jurisprudencia del Tribunal Supremo anterior al Código Civil, que debe estimarse aplicable aun después de regir el mismo, por no haber sido modificada sustancialmente en este punto nuestra legislación, tenía admitido que la licencia del marido a su mujer para contratar podía prestarse en cualquier forma con tal que constase que el marido consintió y aprobó las obligaciones contraídas por su mujer, y que sólo al marido corresponde pedir la nulidad de los actos o contratos celebrados por su mujer sin su intervención ni licencia, por lo que tales actos no pueden considerarse nulos desde luego, *sino simplemente anulables,* como puede verse consultando las Sentencias de 10 de octubre de 1861, 14 de noviembre de 1862, 20 de junio de 1863, 27 de junio de 1866, 9 de octubre de 1868, 30 de enero de 1872, 22 de junio de 1880 y otras varias." (Bastardillas nuestras.)   1 Manresa, Comentarios al Código Civil Español (Ed. 1943), pág. 406.

El razonamiento del caso de *Giménez* v. *Registrador,* 21 D.P.R. 329, que ha servido de precedente para los demás casos sobre esta materia, descansa principalmente en el hecho de que al aprobarse el Código Civil Revisado se omitió insertar el artículo 61 del Código Civil Español y a esa omisión erróneamente se le atribuye una importancia que no tiene en relación con el problema específico que nos ocupa. A este efecto se dice en el citado caso a la pág. 332:

"Es cierto que el marido es el administrador de la sociedad conyugal, pero de esto no se deduce necesariamente que la esposa está incapacitada para recibir una escritura de venta sin su consentimiento.  Dejando a un lado la mera cuestión de la adminis-

---

(²) El Código en ninguno de sus artículos prescribe que la actuación de la mujer en tal caso sea nula.

tración, no se ha llamado la atención de este tribunal acerca de ningún artículo del Código que establezca alguna diferencia entre los esposos, y la tendencia y espíritu general de la ley al tratar del marido y de la mujer y de bienes gananciales se muestra firmemente en oposición a la idea de alguna distinción. La omisión significativa de nuestro código local del artículo 61 del Código Español que expresamente determina que no puede la mujer sin licencia o poder de su marido, adquirir por título oneroso ni lucrativo, enajenar sus bienes, ni obligarse sino en los casos y con las limitaciones establecidas por la ley, también indica, claramente por lo menos que no debemos dejar de tener presente la máxima *ubi lex non distinguit, nec nos distinguere debemus.*"

La omisión del artículo 61 no es significativa si se tienen en cuenta los demás artículos del Código Civil Español que fueron también omitidos y los cuales limitaban la capacidad de la mujer casada aun para disponer de sus bienes parafernales y hasta para comparecer en juicio excepto en limitadísimos casos.([3]) A este fin debemos tener presente que si bien de conformidad con el artículo 1384 del Código Civil Español la mujer tenía la libre administración de sus bienes parafernales o privativos, con arreglo al 1387 no podía ella, *sin licencia de su marido*, enajenarlos, gravarlos ni hipotecarlos, *ni comparecer en juicio para litigar sobre ellos,* a menos que fuera judicialmente habilitada al efecto. Pero al reconocer el Código Civil Revisado en su artículo 160 (sustancialmente igual al 92 de la Ed. 1930) a la mujer casada el derecho no sólo de administrar sus bienes privativos sí que también el de gravarlos o enajenarlos sin la intervención de su esposo y al conferirle también el artículo 161 del mismo Código (igual al 93 de la Ed. 1930) el dere-

---

([3])Artículo 60, Código Civil Español.—"El marido es el representante de su mujer. Ésta no puede, sin su licencia, comparecer en juicio por sí o por medio de Procurador.

"No necesita, sin embargo, de esta licencia para defenderse en juicio criminal, ni para demandar o defenderse en los pleitos con su marido, o cuando hubiere obtenido habilitación conforme a lo que dispone la Ley de Enjuiciamiento Civil."

cho de contratar y comparecer en juicio para lo que se refiera a la defensa de sus derechos o de sus bienes propios, al desempeño de la patria potestad, a la tutela o administración que le confiera la ley, y al ejercicio de una profesión, cargo u ocupación, era imperativo para los autores del nuevo Código, para ser consecuentes con las modificaciones de que había sido objeto la capacidad de la mujer casada, eliminar el artículo 61 del Código Civil Español. También perdió de vista el Tribunal en el caso de *Giménez* v. *Registrador,* supra, que la falta de facultad(⁴) de la mujer para asumir la administración de los bienes de la sociedad conyugal sin la autorización expresa o implícita del marido, no surgía bajo el Código Civil Español, del artículo 61, sino de los artículos 55 y 1412 que conferían al marido dicha administración con exclusión de la mujer. Por consiguiente, al no adoptarse en esta jurisdicción el artículo 61 del Código Civil Español, no sufrió detrimento alguno la facultad del marido para administrar con exclusión de la mujer los bienes de la sociedad conyugal.

Siendo el contrato celebrado por la mujer en las circunstancias alegadas, anulable a instancia del marido, a nuestro juicio la demanda aduce hechos constitutivos de causa de acción *y procede revocar la sentencia y devolver el caso a la corte inferior para ulteriores procedimientos.*(⁵)

---

(⁴)Tal falta a nuestro juicio no puede calificarse de incapacidad.

(⁵)Los casos anteriores de este Tribunal no deben considerarse revocados. En ninguno de ellos el marido alegó la nulidad de la transacción. En su mayoría fueron recursos contra los Registradores, los cuales, de acuerdo con la doctrina de Morell a que vamos a referirnos, vienen obligados a inscribir sin defectos subsanables como se dice en nuestros casos, *pero consignando el hecho* de no estar la mujer autorizada por el marido para realizar el acto o contrato que llevó a cabo.

Tratando Morell de los actos y contratos otorgados por mujeres casadas sin licencia de sus maridos, dice lo siguiente:

''Al fin, la Dirección general cambió de criterio en sus Resoluciones de 22 de agosto de 1894 y 23 de noviembre de 1892. Según la doctrina de éstas, los actos y contratos otorgados por mujeres casadas sin licencia de su marido no son necesariamente nulos, por lo cual no cabe estimar la falta de insub-

sanable. Tampoco le cuadra el calificativo de subsanable desde el momento en que la falta de la licencia marital no es un mero defecto de forma que sólo afecte a la validez del título, sino que, llegando a la misma esencia de la obligación, la vicia en uno de sus requisitos internos, la capacidad. El calificativo que en rigor merece el acto es el de anulable o rescindible, *puesto que antes de su anulación o rescisión puede y debe producir todos sus efectos jurídicos,* y así se reconoce en las citadas sentencias del Tribunal Supremo. *Por tanto, tal defecto no impide la inscripción del contrato,* la cual procede y debe practicarse con arreglo a derecho, haciendo constar en el asiento esa circunstancia para que sea conocida por los terceros que después hayan de contratar sobre los mismos bienes. Se confirma tal doctrina en la Resolución de 25 de agosto de 1911.'' (Bastardillas nuestras.) 2 Morell, Legislación Hipotecaria (Ed. 1917), pág. 320.