NORMA GONZÁLEZ, demandante y apelante, *v.* ELÍAS HAWA-YEK, demandado y apelado.

Núm. 9870.—*Sometido:* Abril 4, 1949. *Resuelto:* Junio 6, 1950.

*Arcilio Alvarado* y *Efraín Rivera Maldonado,* abogados de la apelante; *Benjamín Ortiz* y *Álvaro Ortiz,* abogados del apelado.

El Juez Asociado Señor Negrón Fernández emitió la opinión del tribunal.

Norma González instó pleito sobre negatoria de servidumbre y daños y perjuicios contra Elías Hawayek. De tres causas de acción consta su demanda que, a moción del demandado, fué desestimada por no aducir hechos constitutivos de causa de acción en su contra. Por considerar, además, que la demanda no era susceptible de enmienda, el tribunal inferior dictó inmediatamente sentencia declarando la misma sin lugar, imponiendo las costas a la demandante, más $150 para honorarios de abogado.

Cinco son los errores que, en apelación, señala la demandante. Como en una u otra forma tienden a demostrar que la demanda aduce hechos constitutivos de causa de acción, prescindiremos de considerarlos separadamente.

■ Examinemos primeramente las alegaciones de la demanda, teniendo presente que a los fines de una moción para desestimar como la que nos ocupa, todas las alegaciones esenciales de la demanda deben tenerse como ciertas. *Boulon* v. *Pérez,* 70 D.P.R. 988; *Pérez* v. *Hawayeck,* 69 D.P.R. 50.

■■ En la primera causa de acción se expone, en síntesis, que una casa de la demandante tiene pared medianera con una del demandado en toda la altura de la casa de la demandante y hasta la altura del primer piso de la del

demandado, estando localizada dicha pared medianera en la misma línea que sirve de colindancia entre los dos solares; que en la parte no medianera de la pared correspondiente a los dos pisos superiores de la casa del demandado, éste tiene abiertas cinco ventanas, dos de ellas prácticamente puertas, cinco huecos aparentemente para luz, dos huecos para desagüe de aguas pluviales y domésticas y una abertura grande que corresponde a una galería interior en el tercer piso de su casa; que los cinco huecos para luz no están a la altura de las carreras o inmediatos a los techos; que tienen más de 30 centímetros en cuadro, y no tienen reja de hierro remetida en la pared ni red de alambre; que los dos huecos para desagüe vierten las aguas pluviales y domésticas al tejado de la casa de la demandante; que no existe servidumbre alguna que autorice al demandado a tener en su propiedad dichos huecos, ventanas, desagües y abertura.

En la segunda causa de acción expone que los inquilinos que ocupan la casa del demandado constantemente tiran basuras y desperdicios por las ventanas y huecos de la casa del demandado, viniendo estas basuras a caer sobre el techo y patio de la casa de 'la demandante, lo cual ha determinado que ésta haya tenido que gastar durante el año anterior a la fecha de la interposición de la demanda $100 en la limpieza de su propiedad; que por los desagües que existen en la casa del demandado que dan a la de la demandante caen sobre su casa y patio de la misma grandes cantidades de agua lluvia y de aguas sucias por el uso doméstico, vertiendo hacia el patio de la casa de la demandante; que en tiempos de lluvias fuertes salen de allí hacia la calle cruzando por el interior de la casa de la demandante, causando daños al piso y a los muebles allí situados; que la demandante dedica su casa a hospedería, y que con motivo de los hechos arriba expuestos, sus clientes han dejado de favorecer su hospedería, por todo lo cual ha sufrido daños por valor de $2,000.

En la tercera causa de acción expone que la toma de agua del Acueducto de San Juan para el uso de la casa del

demandado discurre por y sobre el solar de la demandante y las paredes de la casa de la misma, en tubos de los corrientemente usados para servicio de acueductos en residencias.

Conforme dejamos expuesto, en la primera causa de acción se imputa al demandado el haber abierto cinco ventanas, cinco huecos, dos huecos para desagüe de aguas pluviales y una abertura grande en la parte no medianera de la pared correspondiente a los dos pisos superiores de la casa del demandado. Claramente estos hechos son suficientes para constituir una causa de acción a favor de la demandante. El artículo 513 del Código Civil, ed. 1930, prescribe y reglamenta la facultad de todo propietario de una pared medianera para darle mayor elevación a la misma.([1]) Esa mayor elevación de la pared es propiedad exclusiva del que la hace, salvo que el propietario que no hubiere contribuído a dar más elevación, profundidad o espesor a la pared puede adquirir en ella los derechos de medianería bajo ciertas condiciones. (Art. 514.) Pero mientras el medianero original no adquiera la medianería de la mayor elevación de la pared, ésta ha de reputarse como *pared contigua no medianera* y al efecto le es de aplicación lo prescrito por el artículo 517 de que "El dueño de una pared no medianera, contigua a finca ajena, puede abrir en ella ventana o huecos para recibir luces a la altura de las carreras, o inmediatos a los techos, y de las dimensiones de 30 centímetros en cuadro, y en todo caso, con reja de hierro remetida en la pared y con red de alambre."

---

([1]) Dispone el artículo 513 lo siguiente:

"Todo propietario puede alzar la pared medianera, haciéndolo a sus expensas e indemnizando los perjuicios que se ocasionen con la obra, aunque sean temporales.

"Serán igualmente de su cuenta los gastos de conservación de la pared, en lo que ésta se haya levantado o profundizado sus cimientos respecto de lo que estaba antes; y además la indemnización de los mayores gastos que haya que hacer para la conservación de la pared medianera por la razón de la mayor altura o profundidad que se le haya dado.

"Si la pared medianera no pudiese resistir la mayor elevación, el propietario que quiera levantarla tendrá obligación de reconstruirla a su costa; y si para ello fuere necesario darla mayor espesor, deberá darlo de su propio suelo."

Manresa, tomo 4 (5ta. ed.), págs. 697, 704; Sánchez Román, tomo 3ro., pág. 628, 2da. ed.; Scaevola, tomo 10, pág. 467; Colin & Capitant, tomo 2, Curso Elemental de Derecho Civil, pág. 592, 2da. ed.; Planiol y Ripert, Tratado Práctico de Derecho Civil Francés, tomo 3, pág. 764. La contención del apelado de que la expresión "pared contigua" no medianera excluye la pared originalmente medianera en su mayor elevación, como la del presente caso, carece de méritos. En su mayor elevación, por ser de la exclusiva propiedad del medianero que la elevó a su propio coste, la pared se reputa *contigua* a la finca ajena. "La parte de pared superior, mientras no se haga medianera, por virtud del siguiente artículo, [578 Código Civil Español; 514 Código Civil, ed. 1930] reviste todos los caracteres de simple pared contigua" dice Scaevola, ob. y tomo citados, pág. 467, y aunque en ella el dueño puede abrir ventanas o huecos para recibir *luces*, ello es en la extensión provista por el artículo 581 del Código Civil Español, (517 Código Civil, ed. 1930), 3 Sánchez Román, Derecho Civil 628; no pudiendo abrirse huecos ni ventanas para vistas rectas u oblicuas a menos que la pared sea *no contigua*, a las distancias establecidas en el artículo 518 y en la forma y condiciones establecidas en los tres siguientes. La primera causa de acción, por lo tanto, expone hechos suficientes.

■ También expone hechos suficientes la segunda causa de acción. En ella se alega, entre otras cosas, que debido a los desagües que existen en la casa del demandado, caen sobre la casa de la demandante y patio de la misma grandes cantidades de agua de lluvia y de aguas sucias por el uso doméstico, y que esto le ha ocasionado daños de distinta índole. Véanse el artículo 522 del Código Civil (²) y Comentarios al artículo 586 del Código Civil Español correspondiente al 522 del nuestro. Manresa, ob. cit., pág. 718. La contención del

---

(²) El artículo 522 en lo pertinente dispone:

"El propietario de un edificio está obligado a construir sus tejados o cubierta de manera que las aguas pluviales caigan sobre su propio suelo o sobre la calle o sitio público, y no sobre el suelo del vecino. . . ."

apelado de que en virtud del artículo 488 (³) él es beneficiario de una servidumbre natural de aguas, carece de méritos, ya que en el caso de autos, según se alega, las aguas provenientes de los antes mencionados desagües no discurren naturalmente y sí por intervención de la mano del hombre. Manresa, ob. cit., pág. 626, Comentarios al artículo 552 del Código Civil Español equivalente al 488 del nuestro.

A igual conclusión llegamos en cuanto a la tercera causa de acción, si tenemos presente que en ella se exponen hechos que tienden a establecer una invasión del derecho de propiedad, artículo 284, Código Civil, ed. 1930, y que en una acción negatoria de servidumbre incumbe al demandado, como materia de defensa, probar la existencia de la servidumbre, *Delgado v. Rodríguez*, ante, pág. 445; *Balzac v. Torres*, 68 D.P.R. 983; *Ramos v. Viejo*, 66 D.P.R. 642; *Rosado v. Municipio*, 59 D.P.R. 740, ya que toda propiedad se supone libre mientras no se pruebe la existencia de un gravamen.

No está de más repetir el principio general enunciado en *Boulon v. Pérez*, supra, al efecto de que "al resolver sobre la validez de una moción para desestimar [una demanda] por falta de hechos, el deber de la corte no es determinar los méritos finales de la reclamación con el propósito de decidir cuál de las partes debe prevalecer. Su deber más bien es considerar si a la luz de la situación más favorable al demandante y resolviendo toda duda a favor de éste, la demanda es suficiente para constituir una reclamación válida."

*Debe revocarse la sentencia apelada y devolverse el caso a la corte inferior para ulteriores procedimientos no inconsistentes con esta opinión.*

---

(³) Dicho artículo dispone:

"Los predios inferiores están sujetos a recibir las aguas que naturalmente y sin obra del hombre descienden de los predios superiores, así como la tierra o piedra que arrastran en su curso.

"Ni el dueño del predio inferior puede hacer obras que impidan esta servidumbre, ni el del superior obras que la agraven."