ROSARIO AMADOR AMADOR, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE AGUADILLA, recurrido.

Núm. 1271.—*Sometido:* Diciembre 1, 1950. *Resuelto:* Diciembre 21, 1950.

*José Veray, Jr.,* abogado de la recurrente; el Registrador recurrido compareció por escrito.

EL JUEZ PRESIDENTE SEÑOR DE JESÚS emitió la opinión del tribunal.

En el Registro de la Propiedad de Aguadilla fué presentada para su inscripción una escritura otorgada el 19 de mayo de 1950 por el Márshal de la Corte de Distrito de Aguadilla a favor de la recurrente Rosario Amador, mayor de edad y casada con Diego G. González. Por dicha escritura el referido funcionario, cumpliendo con un mandamiento expedido por la Corte de Distrito de Aguadilla, vendió a la Sra. Amador un condominio en una finca rústica que se describe en la escritura.

El Registrador inscribió el documento consignando el hecho de no haber consentido el contrato el esposo de la adquirente, y contra esa nota interpuso la Sra. Amador el presente recurso, invocando los casos de *Giménez* v. *El Registrador,* 21 D.P.R. 329; *Peraza* v. *El Registrador de Arecibo,* 30 D.P.R. 537, y *Sojo* v. *Registrador,* 35 D.P.R. 855.

Concedemos que en los casos invocados por la recurrente se decidió que era válida la adquisición por la esposa de bienes de naturaleza ganancial, y que no debía practicarse la inscripción con el defecto subsanable de no haber consentido el marido en la transacción. Pero en el caso más reciente de *Pérez* v. *Hawayeck,* 69 D.P.R. 50, decidimos, después de revisar los casos anteriores, que si bien la adquisición en la forma descrita no es nula, debe reputarse anulable a opción del marido o sus herederos, quienes deberán ejercitar su derecho dentro de un término razonable después de conocer la transacción. Esta doctrina se basó principalmente en que tal actuación por parte de la esposa constituye una indebida intervención con las facultades del marido como administrador de la sociedad de gananciales. Siendo la transacción anulable, era necesario, para conocimiento de cualquier interesado, que del registro constase esa situación. Fué por ese motivo que en *Pérez* v. *Hawayeck,* supra, dijimos

que si bien el registrador debía inscribir sin el mencionado defecto, sin embargo debería consignar el hecho de no haber el marido consentido la adquisición.

*Procede confirmar la nota recurrida.*