MARTÍNEZ ARIAS & CO., INC., demandante y recurrente, *v.* FLOR RIVERA, demandado y recurrido.

Número: 34    Resuelto: 5 de octubre de 1962

*Martín Avilés Bracero,* abogado del recurrente; *Ángel M. Ciordia,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Belaval como Presidente de Sala y los Jueces Asociados Señores Hernández Matos y Santana Becerra.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

Los hechos que la ilustrada Sala de San Juan del Tribunal de Distrito de Puerto Rico, declaró probados, son los siguientes: "1—La demandante es una corporación debidamente organizada y creada de acuerdo con las leyes del Estado Libre Asociado de Puerto Rico, así existente para el 18 de septiembre de 1954; 2—El demandado era y es dueño de un establecimiento comercial situado en la calle Betances núm. 71 de Vega Baja, Puerto Rico, así existente para el 18 de septiembre de 1954; 3—Antes del día 18 de septiembre de 1954 el demandado se ausentó de su negocio, dejándolo encomendado a su hijo de 19 años de edad Angel Rafael Rivera; 4—El 18 de septiembre de 1954, Sebastián Flores Ramos, agente vendedor de la demandante, se personó [sic] al establecimiento del demandado [y] el menor Angel Rafael Rivera, quien estaba atendiendo el negocio de su padre, le hizo una orden de mercancías por la suma de $1,363.50. La orden fue hecha a nombre de Angel Rivera, antes Flor Rivera; 5—Dichas mercancías fueron enviadas por la demandante al establecimiento del demandado el 22 de septiembre de 1954 por Valencia Baxt Express Inc. y recibidas ese mismo día en dicho establecimiento por el menor Angel Rafael Rivera; 6—La cantidad de $144.00 fueron abonados el día 29 de noviembre de 1954, dando la demandante un recibo a favor de Angel Rafael Rivera [y] $100.00 fueron abonados el día 21 de diciembre de 1954, dándose un recibo en igual forma al anterior; 7—Las transacciones que hizo la demandante con el menor Angel Rafael Rivera, las efectuó [sic] contemplando al demandado como responsable de las mismas."

Aplicando a los hechos probados las disposiciones legales correspondientes, la ilustrada Sala sentenciadora formuló las siguientes conclusiones de derecho: (1) Por tratarse de un

menor de edad no emancipado, el hijo encargado no podía ser mandatario de su padre, ni prestar el consentimiento necesario a la operación de compraventa; (2) Por la misma razón, no tenía capacidad legal para el ejercicio habitual del comercio, ni facultad para desempeñar cargo o tener intervención alguna en el negocio de su padre. ▆

1—Es difícil concebir este caso como uno totalmente restringido a las disposiciones del mandato mercantil, o en defecto de condición de parte como aquí se alega, a un mandato civil tácito o tal vez expreso, aunque en forma verbal según el Art. 1601 del Código Civil de Puerto Rico (1930). La verdad es que cuando se trata de un negocio encomendado provisionalmente a un hijo menor en lo que dura la ausencia del padre, no se produce la separación de persona que presupone el mandato, —ya que desde la Partida 5ª (Ley II Título V) se estableció que no es posible el contrato entre el padre y el hijo, porque ambos "según natura y derecho" son contados por una persona—sino mas bien, una forma atípica de mandato imperfecto, regido por los principios generales del derecho, del cual tendría que responder el mandante, no sólo porque el mandatario no se obliga personalmente por los actos que realiza a nombre del mandante, sino porque en casos de mandatarios bajo la potestad familiar, el mandante siempre tendría que responderle personalmente a una tercera persona de cualquier enriquecimiento injusto. IV-II Puig Peña—*Derecho Civil*—560-561; (edición Revista Derecho Privado 1951). ▆

2—En cuanto a la capacidad del menor para ejercer el comercio, no creemos que los hechos de este caso nos autoricen a considerar a este hijo de 19 años tratando de ejercer el comercio, como una gestión individual suya, con plena responsabilidad propia. El hecho de encomendar a un hijo menor la gestión de un caudal del padre, no es tan inusitado en Derecho Civil como parece, si recordamos el caso típico del peculio profecticio, Art. 156 del Código Civil de Puerto

176

Rico (1930). Además nuestras experiencias particulares de pueblo americano, nos han obligado a apartarnos un poco de una interpretación estricta de las prohibiciones formales para ejercer el comercio. Véase, por analogía, el caso de mujer casada, haciendo negocios sin autorización de su marido: *Silva* v. *Corte*, 57 D.P.R. 725 (Travieso), (1940), cita precisa a las págs. 728 y 730.

*Por las razones expuestas se revocará la sentencia dictada por el Tribunal Superior de Puerto Rico, Sala de San Juan, de fecha 19 de octubre de 1959, confirmando la sentencia dictada el 15 de abril de 1959 por el Tribunal de Distrito de Puerto Rico, Sala segunda de San Juan y se devolverá el caso a la Sala recurrida para que proceda a devolver el caso a la sala de origen para que ésta dicte sentencia a favor de la recurrente.*